## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NEDZAD MILJKOVIC,

             Plaintiff,                  CASE NO.:

vs.

SHAFRITZ AND DINKIN, P.A.,
and MITCHELL A. DINKIN,

             Defendants.

_____

### COMPLAINT AND JURY TRIAL DEMAND

1.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3.     Venue is proper in this District because the acts and transactions occurred here and Defendants transact business here.

### PARTIES

4.     Plaintiff is a natural person who resides in Clay County, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §§ 1692k(a).

5.     Defendant Shafritz and Dinkin, P.A. (hereinafter "S&D") is a law firm that primarily engages in the collection of consumer debt. S&D is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.     Defendant Mitchell A. Dinkin (hereinafter "Dinkin") is a natural person who at all relevant times was a partner with S&D.  Dinkin is an attorney primarily engaged in the collection of consumer debt.  Dinkin is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.     Prior to 2008, Plaintiff incurred a financial obligation to Publix Employees Federal Credit Union ("Publix") that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).  Specifically, this debt was related to an automobile loan.

8.     Defendants represented Publix in its attempt to collect the debt from Miljkovic.

9.     On or about February 4, 2008, Publix sued Miljkovic in the County Court in and for Polk County, Florida.  The lawsuit was assigned Case No. 2008-SC-935.

10.    Publix was able to obtain a Final Judgment for the debt on or about March 19, 2008.

11.    Defendants began their collection efforts in December 2013 by filing a Motion seeking a continuing writ of garnishment against Plaintiff's wages.  The County Court Judge approved the continuing writ of garnishment on or about January 2, 2014.

12.    The writ of garnishment was served on Plaintiff's employer - Lowes Home Centers, Inc. - shortly thereafter.  Pursuant to the writ, 25% of Plaintiff's wages were withheld.

13.    Plaintiff filed a Claim of Exemption that his wages were exempt from garnishment because he is the Head of Family under Florida law.

14.    Plaintiff works for Lowes Home Centers, Inc. as a truck driver.  His salary of just over $16.00 per hour is basically the household's only income.

15.    Since 2009, Miljkovic's wife, Zlate, has been disabled and receives just over $300.00 per month in Social Security benefits.

16. Plaintiff's wages and his wife's Social Security benefits are the only sources of income for the Miljkovic household.

17. While Defendants may not have known this at the time the Writ of Garnishment was served, they were soon made aware of these facts.

18. On or about January 22, 2014, Plaintiff executed an affidavit providing Defendants with the factual basis for his Claim of Exemption. A true and correct copy of Plaintiff's Affidavit is attached hereto as **Exhibit A**.

19. Defendants received Plaintiff's Affidavit by US Mail and electronic mail. The electronic mail was sent to Defendants on January 31, 2014.

20. Under Florida law, if a judgment creditor does not file a sworn statement contesting the Claim of Exemption, the Writ of Garnishment is dissolved as a matter of law.

21. On the same day Defendants received Plaintiff's Affidavit, Defendants file a "Sworn Reply in Opposition to Defendant's Claim of Exemption," a true and correct copy being attached hereto as **Exhibit B**.

22. Under oath, Defendants submitted a statement to the trial court that "On behalf of [Publix], [Defendants] dispute[ ] that [Miljkovic] is a head of household/family within the meaning of Florida Statutes." Defendants also stated that the "facts supporting [Miljkovic's] Claim of Exemption are in dispute...."

23. In reality, Defendants had no factual basis for opposing Plaintiff's claim of exemption. Additionally, Defendants' filing of the sworn statement was done in bad faith and for the purpose of attempting to force a settlement by seeing how long Plaintiff could last without 25% of his wages.

24.     Upon receiving Plaintiff's Affidavit and Claim of Exemption, Defendants stated "we need to know how much the wife receives in Social Security and what her monthly overhead is in order to determine if he provides more than half her support. I have some standard discovery headed your way." A true and correct copy of the email correspondence containing Defendants' statements is attached as **Exhibit C**.

25.     Defendants sent out discovery requests consisting of (i) 24 Requests for Admission, (ii) 57 Requests for Production and (iii) 13 Interrogatories. Very few of the requests sought information relevant to Plaintiff's Claim of Exemption.

26.     On or about February 18, 2014, Plaintiff, through counsel, sent Defendants the information requested to determine the Claim of Exemption. Specifically, Plaintiff sent his last 3 months of bank statements showing both his income and his wife's income. Plaintiff also sent a monthly budget.

27.     Defendants continued to leverage the garnishment without regard to whether Plaintiff's wages were exempt. The first available hearing date for the Claim of Exemption was March 31, 2014 - almost 6 weeks later.

28.     On February 19, 2014, Defendants responded to the information provided as follows:

> I understand we will have a hearing on 3/31/14 on the Claim of Exemption. That will allow your client to complete the outstanding discovery and give us a better picture of him financially. The sooner you get that to me the sooner we can try to wrap this up.

A true and correct copy of the email correspondence containing these statements is attached hereto as **Exhibit D**.

29.     In attempting to schedule the hearing on the Claim of Exemption, Defendants' paralegal inquired whether Plaintiff would be willing to agree to a reduced amount of garnishment in lieu of going forward with the Claim of Exemption hearing.

30.    When that was refused, Defendants showed their true intentions - to delay matters as long as possible in hopes of leveraging a settlement. On February 19, 2104, Defendants sent an email that read, in pertinent part:

> My paralegal also advised that you rebuffed any discussion of settlement, which doesn't seem to make much sense because the judgment is fairly small and both sides bear risk by going to a full blown evidentiary hearing.
>
> I would respectfully urge you to reconsider.

A true and correct copy of the email correspondence containing these statements is attached hereto as **Exhibit E**.

31.    Defendants have admitted all along that there was no factual basis for their statement **under oath** that they disputed Plaintiff's Claim of Exemption.  It was only when Defendants were faced with admitting this fact under oath that they agreed to release the garnishment.

32.    Based on Defendant Dinkin's sworn submission to the Court, his deposition was noticed for March 10, 2014.  Given this impending deadline, and the fact that Defendants received extensive financial information from Plaintiff's discovery responses, Defendants filed a Motion to Dissolve the garnishment on February 28, 2014.

33.    Upon information and belief, it is Defendants' policy to file sworn statements with a court to dispute a Claim of Exemption regardless of whether Defendants have any factual basis for such dispute.

34.    All actions taken by Defendant Dinkin as described herein were done both individually and in his role as agent and partner for Defendant S&D.  Additionally, Dinkin's actions were taken for the purpose of financial gain to both Dinkin and S&D.   Accordingly, S&D is liable for all actions taken by Dinkin.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as
though fully stated herein.

36.   Defendants, either individually or through their agents or employees, violated the
following provisions of the FDCPA:

a.   Defendants violated 15 U.S.C. § 1692d by engaging in conduct with the natural
consequence of harassing, oppressing and abusing Plaintiff.   Specifically, Defendants
filed sworn statements under oath disputing Plaintiff's Claim of Exemption when
Defendants had actual knowledge that Plaintiff's wages were exempt from garnishment.

b.   Defendants violated 15 U.S.C. § 1692e and 1692e(10) by using false, deceptive,
and misleading means to collect a debt.   Specifically, Defendants' sworn statements under
oath denying Plaintiff's Claim of Exemption when Defendants had actual knowledge that
Plaintiff's wages were exempt was false, deceptive and misleading.

c.   Defendants violated 15 U.S.C. § 1692f by engaging in unfair and unconscionable
means to collect a debt.   Specifically, Defendants' sworn statements under oath denying
Plaintiff's Claim of Exemption when Defendants had actual knowledge that Plaintiff's
wages were exempt was unfair and unconscionable.   Additionally, Defendants refusal to
release the garnishment in an attempt to leverage a settlement from Plaintiff was unfair
and unconscionable.

37.   As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual
damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant (i) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each Defendant and for Plaintiff; (ii) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff; (iii) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff; and (iv) for such other and further relief as may be just and proper.

Dated: March 13, 2014                     **ERIC C. ROBERSON, P.A.**

By:   */s/ Eric C. Roberson*
Eric C. Roberson
Florida Bar No. 0014649
2064 Park St.
Jacksonville, FL 32204
(904) 404-8800
(904) 517-8387 (fax)
eric@robersonlawjax.com
*Attorneys for Plaintiff*

# EXHIBIT A

IN THE COUNTY COURT, IN AND FOR
POLK COUNTY, FLORIDA

CASE NO.:    2008-SC-935-LK

PUBLIX EMPLOYEES FEDERAL CREDIT UNION,

     Plaintiff,

v.

NEDZAD MILJKOVIC,

     Defendant,

And

LOWES HOME CENTERS, INC.,

     Garnishee.

_____/

## AFFIDAVIT OF NEDZAD MILJKOVIC

STATE OF FLORIDA    )
                   ) ss.
COUNTY OF DUVAL   )

     Before me, the undersigned authority, personally appeared Nedzad Miljkovic who, being by me first duly sworn, deposes and says:

     1.     My name is Nedzad Miljkovic and I am over the age of 18 and competent to make this Affidavit. I have personal knowledge of the facts recited herein. I am knowledgeable about the transactions, facts, and circumstances discussed in this Affidavit.

     2.     I am making this Affidavit to provide Plaintiff and its attorneys with information regarding my claim of exemption.

     3.     My household consists of me and my wife, Zlate Miljkovic.

4.     In 2009, my wife was declared disabled based on an injury she suffered at work. Since 2009, my wife has been unable to work and has received Social Security benefits. It does not appear that my wife's health will improve and I do not anticipate that she will be able to return to work anytime in the foreseeable future.

5.     My wife is dependent on me and my income for support.

6.     The wages that I receive from my employment at Lowes Home Centers, Inc. ("Lowes") provides more than one-half of the support for my wife.

7.     I am currently paid $16.13 per hour at Lowes. Sometimes I am able to work overtime.

8.     Usually my net income does not exceed $750 per week. However, there may be certain pay periods where my net income exceeds $750 due to overtime.

9.     I do not recall ever agreeing in writing to have my wages garnished.

**FURTHER AFFIANT SAYETH NAUGHT**

Nedzad Miljkovic

Sworn to and subscribed before me
this ___22___ day of January 2014.

Notary Public, State of Florida
Please print ___Ashley Avery___
My Commission Expires: ___9-21-14___
Commission No. ___EE 28191___
Affiant is personally known to me

ASHLEY AVERY
Notary Public, State of Florida
My comm. exp. Sep. 21, 2014
Comm. No. EE 28191

2

# EXHIBIT B

IN THE COUNTY COURT  IN AND FOR
POLK COUNTY, FLORIDA

CIVIL ACTION
CASE NO.: 53-2008SC-000935-0000-LK

PUBLIX EMPLOYEES FEDERAL CREDIT UNION
Plaintiff(s),

vs.

NEDZAD MILJKOVIC

Defendant(s).

vs.

LOWES HOME CENTERS, INC. ,
Garnishee.

_____/

## PLAINTIFF'S  SWORN REPLY IN OPPOSITION TO DEFENDANT'S CLAIM OF EXEMPTION

STATE OF FLORIDA
COUNTY OF PALM BEACH

BEFORE ME, the undersigned authority, personally appeared Mitchell A. Dinkin, who was sworn and says:

1.  Affiant is the attorney for PUBLIX EMPLOYEES FEDERAL CREDIT UNION , the Plaintiff in the above-captioned case. As such, Affiant has personal knowledge of the facts and legal arguments pertaining to this matter.

2.  Defendant, NEDZAD MILJKOVIC, filed a Claim of Exemption and Request for Hearing form, claiming that the salary/wages that are subject to the Writ of Garnishment served on Garnishee in this case are exempt because Defendant provides more than one-half of the support for a child or other dependent and, therefore, Defendant is Head of Family.

3.  On behalf of Plaintiff, the undersigned disputes that Defendant is a head of household/family within the meaning of Florida Statutes.

4.  The facts supporting Defendant's Claim of Exemption are in dispute and, therefore, this garnishment action should be set for trial to determine these factual issues and Plaintiff's right to garnishment of the wages/salary at issue.

FURTHER AFFIANT SAYETH NAUGHT.

Shafritz and Dinkin P.A.
Mitchell A. Dinkin, Esq. (FBN 0975125)
551 SE 8th Street, 4th Floor
Delray Beach, FL 33483
Tel: (561) 278-7828

SWORN     TO     BEFORE     ME,    the    undersigned    authority,    by

, who is personally known to me, or who has produced a

Florida Driver License, and who did take an oath and affirm the allegations in the

foregoing are true and correct on this 31 day of January , 2014 .

Notary Public
State of Florida

Tracey B Worobey
(Print, Type, or Stamp)
Commissioned Name of Notary Public)

TRACEY B. WOROBEY
Commission # FF 022194
Expires July 18, 2017
Bonded Thru Troy Fain Insurance 800-385-7019

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

furnished by U.S. Mail, this January 31, 2014 to: Eric C. Roberson, Esquire, Law Office

of Jason K.S. Porter, P.A., 3325 Hendricks Avenue, Suite A, Jacksonville, FL 32207 and

by E-Mail: eric@jasonporterlaw.com

Shafritz and Dinkin, P.A.
551 SE 8th Street, Fourth Floor
Delray Beach, FL 33483
(561) 278-7828
E-Mail: pleadings@sd-lawyers.net
Secondary: mdinkin@sd-lawyers.net

BY: _____
     Mitchell A. Dinkin, Esq..
     Fla. Bar No. 0975125

# EXHIBIT C

## Eric Roberson

| | |
|---|---|
| **From:** | Eric Roberson [eric@jasonporterlaw.com] |
| **Sent:** | Friday, January 31, 2014 4:34 PM |
| **To:** | eric@robersonlawjax.com |
| **Subject:** | FW: Publix v. Miljkovic |

**From:** mdinkin@sd-lawyers.net [mailto:mdinkin@sd-lawyers.net]
**Sent:** Friday, January 31, 2014 12:20 PM
**To:** Eric Roberson
**Subject:** RE: Publix v. Miljkovic

Eric:  We need to know how much the wife receives in Social Security and what her monthly overhead is in order to determine if he provides more than half her support.

I have some standard discovery headed your way.

MITCHELL A. DINKIN, ESQ.
PARTNER



SHAFRITZ & DINKIN, P.A.

551 SE 8th Street – Fourth Floor
Delray Beach, FL 33483
Phone: (561) 278-7828 Fax: (561) 278-8658
Email: mdinkin@sd-lawyers.net

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the Internal Revenue Code or (b) promoting, marketing or recommending to another party any transaction or matter addressed herein.

THIS ELECTRONIC MAIL TRANSMISSION AND ANY ATTACHMENTS MAY CONTAIN ATTORNEY-CLIENT PRIVILEGED, CONFIDENTIAL, OR PROPRIETARY INFORMATION INTENDED ONLY FOR THE PERSON(S) NAMED. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE AUTHORIZED REPRESENTATIVE OF THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISTRIBUTION, COPYING, OR DISCLOSURE OF THIS COMMUNICATION IS STRICTLY PROHIBITED.

**From:** Eric Roberson [mailto:eric@jasonporterlaw.com]
**Sent:** Friday, January 31, 2014 10:41 AM
**To:** mdinkin@sd-lawyers.net
**Subject:** Publix v. Miljkovic

1

Mr. Dinkin,

I am attaching Mr. Miljkovic's Affidavit and Claim of Exemption. Our hope is to avoid a hearing by providing proof that the funds are exempt. I appreciate you and your client's consideration of this. Once you have reviewed, please let me know how your client intends to proceed.

Eric C. Roberson
Law Offices of Jason K.S. Porter, P.A.
3325 Hendricks Ave., Suite A
Jacksonville, FL 32207
Tel. (904) 858-3211
Fax (904) 858-3299
eric@jasonporterlaw.com

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT(S). THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION AND, AS SUCH, IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. ADDITIONALLY, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

# EXHIBIT D



Eric Roberson <eric@robersonlawjax.com>

## Publix v. Miljkovic

**mdinkin@sd-lawyers.net** <mdinkin@sd-lawyers.net>                     Wed, Feb 19, 2014 at 1:39 PM
To: Eric Roberson <eric@robersonlawjax.com>
Cc: "Tracey Worobey (tracey@collectionslawfirm.com)" <tracey@collectionslawfirm.com>

Eric: I understand we will have a hearing on 3/31/14 on the Claim of Exemption. That will allow your client to complete the outstanding discovery and give us a better picture of him financially.

The sooner you get that to me the sooner we can try to wrap this up.

Thanks, Mitch

MITCHELL A. DINKIN, ESQ.

PARTNER



## SHAFRITZ & DINKIN, P.A.

551 SE 8th Street – Fourth Floor

Delray Beach, FL 33483

Phone: (561) 278-7828 Fax: (561) 278-8658

Email: mdinkin@sd-lawyers.net

THIS IS AN ATTEMPT TO COLLECT A DEBT BY A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IRS Circular 230 disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (a) avoiding penalties under the

# EXHIBIT E



Eric Roberson <eric@robersonlawjax.com>

## Publix v. Miljkovic

**mdinkin@sd-lawyers.net** <mdinkin@sd-lawyers.net>                                      Wed, Feb 19, 2014 at 2:21 PM
To: Eric Roberson <eric@robersonlawjax.com>
Cc: "Tracey Worobey (tracey@collectionslawfirm.com)" <tracey@collectionslawfirm.com>

Eric: I think we are looking at the matter from different legal perspectives.


1.  Head of Household is akin to an affirmative defense that needs to be pleaded and proven; and

2.  There is no requirement we do any discovery prior to the claim of exemption hearing. It's not our burden of proof.


That being said, we are going over and above with your client by being willing to review his claim prior to the hearing.


Instead of continually questioning our good faith, why not just complete the discovery? Obviously, his responses under oath have more value than what we have seen so far.


My paralegal also advised that you rebuffed any discussion of settlement, which doesn't seem to make much sense because the judgment is fairly small and both sides bear risk by going to a full blown evidentiary hearing.


I would respectfully urge you to reconsider.


Thanks, Mitch


MITCHELL A. DINKIN, ESQ.

PARTNER