UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEDZAD MILJKOVIC

      Plaintiff,                              CASE NO.: 8:14-cv-00635-VMC-TBM

v.

SHAFRITZ and DINKIN, P.A.,
and MITCHELL A. DINKIN,

      Defendants
_____/

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE (FRCP 12b(b)(6) AND INCORPORATED MEMORANDUM OF LAW (DISPOSTIVE MOTION)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 3.01, Defendants, SHAFRITZ and DINKIN, P.A. (the "Law Firm"), and MITCHELL A. DINKIN ("Dinkin"), by and through the undersigned counsel, move to dismiss the Complaint filed against them by the Plaintiff, NEDZAD MILJKOVIC, with prejudice, and, as grounds, states:

**I.    Introduction**

Plaintiff has filed an action under 15 U.S.C §1692(d), (e), e(10) and (f) against the Law Firm and Dinkin arising from their representation of Publix Employees Federal Credit Union ("Publix") in a post judgment wage garnishment proceeding in Polk County, Florida. Specifically, Plaintiff alleges the Law Firm and Dinkin violated all of the foregoing sections of the FDCPA when Dinkin executed a "sworn statement under oath disputing Plaintiff's Claim of Exemption when Defendants had actual knowledge Plaintiff's wages were exempt from garnishment." [*See Compl. at ¶36(a)-(c)*]. In actuality, most of Plaintiff's allegations are conclusory in nature or simply illustrate the Defendants strictly complied with Florida's

garnishment law in connection with representing its client, Publix, to recover on a valid outstanding judgment. Indeed, the actual language of Dinkin's affidavit undermines the Plaintiff's claims, which states in relevant part:

> 3. On behalf of Plaintiff, the undersigned disputes that Defendant is a head of household/family within the meaning of Florida statutes.
>
> 4. The facts supporting Defendant's Claim of Exemption are in dispute and, therefore, this garnishment action should be set for trial to determine these factual issues and Plaintiff's right to garnishment of the wages/salary at issue."

No statement contained in the affidavit could be construed as false, even by the "least sophisticated consumer," who under the law is presumed to "possess a rudimentary amount of information about the world" and will not make "unreasonable misinterpretations."[1] Furthermore, the affidavit was directed to Plaintiff's current legal counsel, who represented him from the outset of the garnishment proceeding. For the reasons that follow, Plaintiff's case must be dismissed with prejudice.

## II.    Standard of Review

To avoid dismissal under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 929 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet ... is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of Educ. V. Marshall Cnty Gas Dist.*, 992 F2d 1171, 1174 (11th Cir. 1993). While the *Twombly* plausibility standard does not prevent a plaintiff from pleading facts alleged upon information

---

[1] *Jelencovich v. Dodge Enterprises, Inc.*, 2009 U.S. Dist. Lexis 116309 *5 (S.D. Fla. 2009) (citation omitted).

and belief, the belief must be based on factual information that makes the inference of culpability plausible. *Arbitron, Inc. v. Renda Broadcasting Corp.*, 2014 WL 1268587 *3 (M.D. Fla. 2014) In adjudicating a Rule 12(b)(6) motion, the Court can consider not only the complaint but also any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. *See, e.g.*, *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

### III.     Procedural History of State Court Case

On or about September 17, 2013, the Law Firm and Dinkin, were retained by Publix to enforce a Default Final Judgment entered against Plaintiff on March 19, 2008. [Compl. at ¶9]. On or about January 2, 2014, Publix, by and though Dinkin and the Law Firm, caused a Continuing Writ of Garnishment Against Salary or Wages ("Wage Garnishment") to be issued, which was then served on the Plaintiff's current employer, Lowes. [See *id.* at ¶11] Service of Process was effectuated on Lowes, and then Dinkin and the Law Firm properly and timely served Plaintiff with notice of the Wage Garnishment. On or about January 27, 2014, Plaintiff, through his counsel in this action, filed and served Dinkin with an Affidavit, as well as a statutory "Claim of Exemption and Request for Hearing." [See id at ¶13, 18; see also **Exhibit "A"**]. On January 31, 2014, Dinkin filed and served a timely "Reply in Opposition to Defendant's Claim of Exemption," along with written discovery in aid of execution. [See Compl. at ¶¶21-22, 25]. On February 19, 2014, Dinkin and Plaintiff's counsel exchanged email, including Dinkin's bona fide effort to resolve the pending matters before the State Court without the necessity of a hearing. [See *id.* at ¶30, Exhibit "E"]. On February 24, 2014 clerk scheduled the hearing on the Plaintiff's claim of exemption for March 31, 2014, which Plaintiff concedes was the "first available hearing date." [See *id.* at 27]. On February 25, 2014, Plaintiff through

his current counsel served his discovery responses on Dinkin. [See *id.* at 26.] Based on those responses and the accompanying documentation, on February 28, 2014, Dinkin promptly moved to dissolve the Wage Garnishment. [See *id.* at ¶32]. The foregoing procedural history is confirmed by the State Court Docket, which is public record; a true copy of same is attached hereto and made a part hereof as **Exhibit "A."** As such, the state court garnishment proceeding lasted 36 days from the date Plaintiff served his claim of exemption and less than 30 days from the date Dinkin served discovery on Plaintiff to corroborate Plaintiff's exemption claim.

IV. **Legal Argument**

    A. **Summary of Argument**

Plaintiff's claims against the Law Firm and Dinkin must be dismissed with prejudice because no construction of the Plaintiff's allegations against them will support a cause of action under the FDCPA, as a matter of law. Plaintiff's allegations simply illustrate that the Law Firm and Dinkin correctly followed the procedures set forth in F.S.§77.041 to attempt to collect on Publix's valid judgment against the Plaintiff. Furthermore, Plaintiff's rights were never in jeopardy because he was represented by competent counsel throughout the garnishment proceeding – the same attorney representing him in this case.

After lawfully issuing and serving the Wage Garnishment on Plaintiff's employer, Dinkin provided timely notice of the Wage Garnishment to Plaintiff. F.S. §77.041(2). Plaintiff then went and immediately retained counsel and filed a "sworn claim of exemption" per F.S. 77.041(3) along with an additional affidavit with the assistance of his legal counsel. In response, Dinkin filed a "sworn written statement" denying the claim of exemption, which, if not timely filed, results in the Wage Garnishment being automatically dissolved by the clerk of court. F.S. §77.041(3). A hearing was then scheduled. F.S.77.041(3) provides that after "a defendant files a

sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions." FLA. STAT. §77.041(2) (2013). Plaintiff concedes "[t]he first available hearing date for the Claim of Exemption was March 31, 2014 – almost 6 weeks later." [See Compl. at ¶27]. Once Dinkin received and reviewed the documentation Plaintiff produced to substantiate his sworn claim of exemption, Dinkin caused the garnishment to be timely dissolved. All of Dinkin's acts were not only authorized by Florida law, but were done in a manner that could not give raise to actionable conduct under the FDCPA. To hold otherwise based on the facts pled, would not only prejudice a creditor's right to collect a valid judgment under Florida's garnishment statute, but cause a potential conflict of interest between the judgment creditor and attorney, thereby placing the attorney in an ethical quandary.

B. **History of Florida's Garnishment Statute**

Garnishment is a creature of statute, unknown at common law. *Robinson v. Robinson*, 18 So. 2d (Fla. 1944). It is authorized as a method of collecting a monetary judgment against a defendant. *Arnold, Matheny and Eagan, P.A. v. First American Holdings, Inc.*, 982 So. 2d 628, 632 (Fla. 2008). Florida has provided creditors the right to garnish a debtor's personal property since 1845. See FLA. STAT. 77.01 (2013) (legislative history citing first to s. 1, Ch. 43, 1845). Prior to 1967, the predecessor to Section 77.03, Florida Statutes, required a judgment creditor to affirmatively negate the garnishment-defendant's ability to claim an exemption as a prerequisite to issuance of a writ of garnishment. See 1 STEPHEN B. RAKUSIN, FLORIDA CREDITORS RIGHTS MANUAL §2.05[A][1][d]] (2009) (noting that until 1967, Plaintiff's motion for a writ of garnishment had to affirmatively state that "the money or other things sought to be garnished were not due for personal labor or services of the head of a family residing in Florida"). As a result of this legislative change, the obligation to claim and prove entitlement to an exemption is

now rightfully on the defendant in the garnishment action. *See, e.g.*, *Jelencovich v. Dodge Enterprises, Inc.*, 20089 U.S. Dist. Lexis 116309 (S.D. Fla. 2009) (citations omitted); *In re Parker*, 147 B.R. 810 (Bankr. M.D. Fla. 1992); see also *Cadle & Co. v. G &G Associates*, 757 So. 2d 1278, 1280 (Fla. 4th DCA 2000) (holding burden of proving an entitlement to an exemption from garnishment or attachment of money held by a debtor's employer is on the debtor). Indeed, Chapter 77 "sets forth the procedure for garnishment. It provides no procedure for the prior determination of head of family before the issuance of a writ of garnishment." RACHEL CREWS, CREDITORS AND DEBTORS' PRACTICE IN FLORIDA, CD FL-CLE 6-1 (§6.25) (2007). Furthermore, after 1993, not all wages for personal labor or services of a head of family are completely exempt from garnishment. *Id.* at 6-1(§6.27) (noting that prior to October 1, 1993, section 222.11 provided that all wages for personal labor or services of a head of family were completely exempt from garnishment).

Interestingly, under the pre-1967 version of Florida's garnishment statute, the **defendant** was obligated to file an affidavit "traversing" the allegations of the plaintiff's affidavit filed in support of issuance of the writ of garnishment. This triggered a trial of such traverse, "and if the allegation in the plaintiff's affidavit which is traversed is not sustained and proved to be true, the garnishment shall be dissolved." *Pleasant Valley Farms & Morey Condensery Co. v. Carl*, 106 So. 427, 427-28 (Fla. 1925). Now, the plaintiff is required to traverse the defendant's affidavit to avoid the automatic dissolution of the garnishment. See *Great American Ins. Co. v. General Contractors & Construction Mgt., Inc.*, 2008 WL 5056526 *4 (S.D. Fla. Nov. 21, 2008) (citing *Miami Herald Publishing Co. v. Payne*, 358 So. 2d 541, 543 (Fla. 1978) (holding that where garnishor fails to timely file objections to exemptions raised by the debtor, the writ of garnishment terminates by operation of law and the trial court is without authority to continue

the proceeding and enter a judgment against the debtor.) Chief Justice Farmer perhaps explained the role of a garnishor's lawyer best in his specially concurring opinion in *Brooks v. Foster*, 889 So. 2d 902 (Fla. 4th DCA 2004), where the judgment debtor sought to disqualify the garnishor's attorney:

> The role of the garnishor's lawyer challenging a judgment debtor's claim of exemption is the rough equivalent of the State Attorney's Traverse to the defendant's motion to dismiss the charges for legal insufficiency. The State Attorney has not thereby become a substantive witness against the accused, any more than any opposing lawyer becomes a personal adversary by saying "prove it." And that is all this lawyer has done.
>
> He put the debtor to his proof that his property is exempt from the levying creditor. The sole effect of the lawyer's filing was to require Foster to prove that the $1.3 million funds held in trust legally qualified as wages of a head of household.

In terms of a hearing, once the garnishor's attorney has traversed the judgment debtor's claim of exemption, Section 77.041(3), states "[u]pon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions." Therefore, the statute provides the procedure for setting a hearing on the claim of exemption, and the state court personnel understand such hearings take priority, but the parties are nevertheless at the mercy of the court's heavy calendar. In this case, the Plaintiff admits "[t]he first available hearing date for the Claim of Exemption was March 31, 2014 – almost 6 weeks later." [See Compl. at ¶27].

    C.    **Defendant's Filing of a Traverse to Plaintiff's Claim of Exemption cannot Support a Claim Under the FDCPA, as a Matter of Law.**

In the case at bar, all of Plaintiff's claims in Count I for alleged violation of the FDCPA are premised on the Plaintiff's contention that once Dinkin received Plaintiff's affidavit setting forth his claim of exemption, Dinkin had a duty to immediately dissolve the writ. Specifically, Plaintiff alleges:

> Plaintiff's wages and his wife's Social Security benefits are the only sources of income for the Miljkovic household. While Defendants may not have known this at the time the Writ of Garnishment was served, they were soon made aware of these facts. On January 22, 2014, Plaintiff executed an affidavit providing Defendants with the factual basis for his Claim of Exemption.

[See Compl. at ¶¶ 16-18; Exhibit "A"].

Plaintiff's contention that his affidavit provided the Law Firm and Dinkin with the factual basis for his claim of exemption is simply a false premise. Under Florida's garnishment statute, neither the Law Firm nor Dinkin were under a legal obligation to accept the Plaintiff's claim of exemption as true on behalf of their client, Publix. Rather, Dinkin had a duty to dispute Plaintiff's claim on behalf of his client and to have a hearing "as soon as practicable to determine the validity of the claimed exemptions." *Cullen v. Marsh*, 34 So. 3d 235, 242 (Fla. 3d DCA 2010) (holding that lawyers who traversed defendant's claim of exemption were not subject to sanction under Section 57.105 simply because the debtor prevailed on the merits at the claim of exemption hearing, <u>because the garnishment statute entitled the creditor to a hearing</u>) (quoting F.S. 77.041(3)) (emphasis added). Furthermore, Plaintiff's allegation that "Defendants had no factual basis for opposing Plaintiff's claim of exemption" similarly ignores Florida's garnishment statute, which legally entitles a judgment creditor to require the judgment debtor to prove his claim of exemption at an evidentiary hearing. See *id.*, *see also Jelencovich*, 2009 U.S. Dist. Lexis 116309 at *7; *Cadle & Co. v. G &G Associates*, 757 So. 2d 1278, 1280 (Fla. 4th DCA 2000) (holding in wage garnishment case that "the [exemption] statute [ 222.12] does not require a controverting affidavit by the party who sued out the process, only a denial by that party under oath" and debtor was entitled to have issue of whether earnings were exempt tried at an evidentiary hearing); *Brook v. Westport Recovery Corp.*, 832 So. 2d 209, 211 (Fla. 4th DCA 2002) (finding that judgment debtor bore the burden of proving his entitlement to section 222.11

exemption at a hearing held on motion to dissolve writ of garnishment).[2] Moreover, a review of the affidavit reveals it was not conclusive on whether Plaintiff was actually head of household under Section 222.11. While Plaintiff's affidavit states his wife was receiving social security benefits for a disability, it did not state that neither he nor his wife had no other sources of income.

Plaintiff does not allege in his Complaint Dinkin violated Sections 77.041 or 222.11, or that the writ of garnishment was issued out of malice. Nor does Plaintiff allege Dinkin gained his "actual knowledge" from unbiased sources, rather than Plaintiff's self-serving affidavit, which was not subject to cross-examination. For example, Plaintiff does not allege Dinkin had been provided documentary evidence establishing Plaintiff's exemption claim prior to causing the writ of garnishment to be served on Plaintiff's employer or prior to signing the traverse at issue. At the time Dinkin signed the traverse, he had not yet received Plaintiff's formal discovery responses. [See State Court Docket attached hereto as Exhibit "A."] If Dinkin had waited until after receipt of Plaintiff's discovery responses on February 25, 2014 to file the traverse, Dinkin would have missed the deadline under §77.041 to file one. This would have compromised Dinkin's client's interests because, under §77.041, the clerk of court is then required to automatically dissolve the writ of garnishment. For these reasons and those given above, Plaintiff's affidavit was not sufficient, as a matter of law, to require Dinkin, who, as a

---

[2] Section 222.11 is Florida's statute that provides for an exemption of wages from garnishment under certain conditions, where the "disposable earnings" of a "head of family" are less than or equal to $750.00 per week wages; and if the disposable earnings of the head of family are in excess of $750.00 per week if the wage earner did not agree to have his or her wages garnished in writing. Further, Section 222.11 states that the amount attached or garnished may not exceed the amount allowed under the Consumer Credit Protection Act, 15 U.S.C. 1673, which is equal to 25 percent of disposable earnings per week or the amount by which disposable earnings for any given week exceed thirty times the Federal minimum wage in effect at the time the wages are payable, whichever is less.

lawyer, owed a duty to his client, to dissolve the writ of garnishment. Nor was the affidavit sufficient to give Dinkin "actual knowledge" of the validity of Plaintiff's head of household exemption, and therefore Dinkin did not violate any section of the FDCPA by filing the traverse at issue.

> *(i)     Plaintiff fails to state a cause of action for violation of §1692d*

Based on the foregoing points of authority and the facts alleged in the Complaint, Plaintiff fails to state a cause of action for violation for §1692d. The goal of the FDCPA is "to protect consumers from unfair, deceptive and harassing collection practices while leaving collectors free to employ efficient, reasonable and ethical practices in pursuit of their of profession." *Waite v. Financial Recovery Services, Inc.*, 2010 WL 5209350 *5 (M.D. Fla. Dec. 16, 2010) (quoting *Graziano v. Harrison*, 763 F. Supp. 1269, 1275 (D.N.J. 1990), *aff'd in part and rev'd in part on other grounds* 950 F.2d 107 (3rd Cir. 1991)). §1692d prohibits a debt collector from engaging in conduct with the natural consequence of harassing, oppressing and abusing a consumer.[3] Although a §1692d violation is not limited to the specific conduct listed in

---

[3] §1692d specifically prohibits the following conduct:

(1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

(2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

(3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.

(4) The advertisement for sale of any debt to coerce payment of the debt.

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

§1692d, *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985), courts look to the enumerated conduct to determine what constitutes a violation of the general bar on abusive and harassing conduct. "Section 1692d is meant to protect debtors from oppressive and outrageous conduct, but not from every negative consequence of debt collection." *Johnson v. Capital Mgm't Servs.*, 2011 WL 6012509 *5 (W.D.N.Y. Dec. 1, 2011). For example, in *Lane v. Fein, Such and Crane, LLP*, the court held that the serving of the plaintiff with a state court complaint which contained an allegedly false statement was not similar in seriousness to any of the examples listed in §1692d. 767 F. Supp.2d 382, 390 (E.D.N.Y 2011) (also holding the alleged false statement was not a violation of §1692e). The court, therefore, dismissed the claim. In *Chalk v. Westport Recovery Corp.*, 677 F. Supp. 1322, 1329-30 (S.D. Fla. 2009), the Southern District Court of Florida held that the filing of a sworn statement "denying" a claim of exemption without specific knowledge regarding the exemption was not a §1692d claim.

Similarly, in the case at bar, Plaintiff does not allege a violation of any of the subparagraphs of §1692d, but rather, relies solely on its general "catch all" provision. Further, Plaintiff relies on a single act to state a claim under §1692d – Dinkin's filing of the traverse to Plaintiff's claim of exemption. Specifically, Plaintiff alleges in conclusory fashion in paragraph 36(a) of Count I that "Defendants had **actual knowledge** that Plaintiff's wages were exempt from garnishment." (emphasis added). The plaintiff, however, must plead some basic facts to support its conclusory allegations of knowledge to satisfy *Twombly* and *Iqbal*. See *Lamb v. Household Finance Corp III,* 409 B.R. 534 (N.D. Bankr. 2009) (granting motion to dismiss judgment debtor's claim alleging violation of Florida's Consumer Collection Practices Act,

---

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity

holding that allegation Defendants "knew they did not have a right to garnish [the judgment debtor's] wages" was conclusory; debtor failed to allege facts to show impropriety or overreach of a claim where 77.01 grants a judgment holder the legal right to a writ of garnishment and the validity of the judgment was not in dispute).

Therefore, Plaintiff's §1692d claim under of Count I of the Complaint should be dismissed <u>with</u> <u>prejudice</u>.

   (ii)  *Plaintiff fails to state a cause of action for violation of §1692e and 1692e(10).*

Section 1692e of the FDCPA prohibits false, deceptive, or misleading representations in connection with the collection of any debt.  Section 1692e(10) prohibits the use of false representations or means to collect a debt.  Just as in his §1692d claim, the only allegation in support of Plaintiff's §1692e claim is that Dinkin gained his "actual knowledge" that Plaintiff's wages were exempt from garnishment from Plaintiff's affidavit.  Plaintiff fails to allege that any of the facts set forth in Dinkin's affidavit are false.  Rather, Dinkin's affidavit states "[o]n behalf of Plaintiff, the undersigned <u>disputes</u> that Defendant is a head of household/family within the meaning of Florida Statutes." (emphasis added).  Nothing about this statement could be construed as false by the least sophisticated consumer.  Furthermore, Dinkin's affidavit was served on Plaintiff's counsel, thereby eliminating any possibility the affidavit could be construed as false by Plaintiff because his interests were being protected.  To the extent Plaintiff claims Dinkin's affidavit was a deceptive means to collect Publix's valid judgment, it is difficult to fathom how Dinkin's <u>strict compliance</u> with the procedure set forth in Florida's garnishment statute could run afoul of another law.  Again, this is not a case where Plaintiff alleges Dinkin had received credible information regarding the Plaintiff's claim of exemption.

The Court should be made aware that in *Cadle*, the Southern District Court held that where a plaintiff alleged an attorney filed a sworn statement denying a claim of exemption without any alleged factual basis to do so, the court held plaintiff stated a claim under §1692e – specifically e(10), which prohibits, "(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

*Cadle*, however, is factually distinguishable in several respects from the case at bar. First, the court did not analyze or quote the language from the affidavit in its opinion. Second, the plaintiff in *Cadle* proceeded *pro se* in the underlying garnishment proceeding. Third, there is no discussion in *Cadle* whether the judgment creditor's attorney immediately served the judgment debtor with discovery directed toward the validity of the debtor's sworn claim of exemption that he was head of household under Section 222.11. Finally, there is no discussion whatsoever whether the judgment creditor's attorney proceeded to an evidentiary hearing on the judgment debtor's claim of exemption, or whether the attorney promptly dissolved the garnishment upon receipt of documentation, validating of the debtor's claim of exemption. All of these distinguishing factors exist in the case at bar.

Also, *Cadle,* which was decided in 2009, is distinguishable on legal grounds from the case at bar, which is based on a garnishment proceeding initiated in January of 2014. Effective July 1, 2013, the Florida Legislature made significant revisions to Chapter 222 and Section 77.041 to harmonize the garnishment statute with Chapter 222's enumerated exemptions, particularly the head of household exemption. In 2006, the Fourth District Court observed that "[p]rior to 2000 and the enactment of section 77.041, chapter 77 did not clearly define a method for claiming any exemption. To claim the 'head of family' wage exemption required compliance

with section 222.12." *Cadle Co. v. Pegasus Ranch, Inc.*, 920 So. 2d 1276, 1277 n.1 (Fla. 4th DCA 2006) (citation omitted).  Additionally, in 2011 the Fourth District Court held that the procedure regarding a claim of exemption from garnishment under Section 222.12 (2009) <u>does not</u> authorize an attorney to execute a sworn denial of the judgment debtor's claim of head of household exemption because the statute clearly and unambiguously required the party suing out the writ to do so.  *Caproc Third Ave., LLC v. Donisi Ins., Inc*. 67 So. 2d 312 (Fla. 4th DCA 2011). Similarly, the 2009 version of Section 77.041 under scrutiny in *Cadle* did not authorize an attorney to sign a sworn denial of a claim of exemption, rather only the plaintiff could.

In July of 2013, all of this changed.  Senate Bill 592 repealed Section 222.12 in its entirety and amended 77.041(3) to permit an attorney to sign a sworn denial of a judgment debtor's claim of exemption, as follows:

> Upon the filing by a defendant of a sworn claim of exemption and request for hearing, a hearing will be held as soon as is practicable to determine the validity of the claimed exemptions.  If the plaintiff <u>or the plaintiff's attorney</u> does not file a sworn statement that <u>answers</u> ~~contests~~ the defendant's claim of exemption within 8 ~~3~~ business days after hand delivering the claim and request or alternatively, 14 ~~8~~ business days<u>,</u> if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

For the foregoing reasons, *Cadle* is both factually and legally distinguishable from the case at bar, and therefore its holding should not be considered persuasive by this Court.  Rather, the Defendants respectfully submit that based on the facts pled and the state court's docket, Dinkin did not "use any false, deceptive or misleading representation" or "deceptive means" in the state court garnishment proceeding that could support a claim under §1692e or §1692e(10). Rather, he followed the statutory procedure to collect a valid judgment for Publix, and as soon as he obtained reliable information that validated Plaintiff's exemption claim, Dinkin acted

diligently to move to dissolve the garnishment. For these reasons, Plaintiff's §1692e and e(10) claims should be dismissed with prejudice.

      (iii) *Plaintiff fails to state a cause of action for violation of §1692f*

Plaintiff alleges the Defendants engaged in "unfair and unconscionable means to collect a debt." [See Compl. at ¶36(c)]. To support his §1692f claim, Plaintiff alleges the same "facts" as he does to support his §1692d and §1692e claims – that "Defendants had actual knowledge that Plaintiff's wages were exempt from garnishment," when it filed a traverse of Plaintiff's affidavit. Plaintiff also alleges in conclusory fashion "Defendants [sic] refusal to release the garnishment in an attempt to leverage a settlement from Plaintiff was unfair and unconscionable." [See *id.*]. Based on Plaintiff's allegations, he fails to state a claim under §1692f.

While the courts have generally held that compliance with a state's garnishment laws is not a "perfect defense" to a claim under the FDCPA, the courts have held that such compliance does not support a §1692f claim because such conduct is not unfair and unconscionable. *See, e.g.*, *Cadle*, 677 F.Supp.2d at 1330 (granting 12(b)(6) motion, holding plaintiff failed to specifically identify how Defendants' conduct was also unfair or unconscionable under §1692f, dismissal of this claim is warranted); *Coleman v. Gordon*, 2012 WL 2374822 *2 (E.D. Wash. June 22, 2012) (granting summary judgment in favor of law firm where law firm's conduct was in "substantial compliance with Washington law governing garnishment proceedings"). Based on the foregoing authority and for the reasons previously given, Plaintiff has not alleged any facts that support his §1692f claim, and therefore it should be dismissed with prejudice.

To the extent that Plaintiff attempt to avoid dismissal of his §1692f claim by also relying upon the email communications between his lawyer and Dinkin regarding settlement, these communications to Plaintiff's lawyer are not actionable under the FDCPA. *See, e.g.*, *Condon v.*

*Global Credit & Collection Corp.*, 2010 WL 5071014 *3 (M.D. Fla. Dec. 7, 2010) (holding failure to identify oneself as a debt collector on voicemail of debtor's attorney not actionable); *Guerro v. RJM Acquisitions LLC*, 499 F.3d 926, 934-35 (9th Cir. 2007) (holding "communications directed solely to a debtor's attorney are not actionable under the Act" because Congress viewed attorneys as intermediaries able to bear the brunt of overreaching debt collection practices from which debtors should be protected.); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2nd Cir 2002)(stating in dicta that alleged misrepresentations to debtors' attorneys would not constitute violations of the FDCPA because it is assumed that the attorney will protect the consumer from a debt collector's fraudulent or harassing behavior). Likewise, on the face of the emails, nothing about what Dinkin said can reasonably characterized as a violation of §1692f. Further, to penalize Dinkin for trying to in good faith effectuate a settlement of a pending matter before the court would sanction Dinkin for complying with the Tenth Circuit Court's Standards of Professional Courtesy mandate that, "[A]ttorneys should, whenever possible, prior to filing or upon receiving a motion, contact opposing counsel to determine if the matter can be resolved in whole or in part." See ADMIN. ORDER NO. 7-6.0 (10th Jud. Cir. Apr. 12, 1993). It is well know amongst the Bar that it is far better for parties to a litigation to control their own destiny by negotiating a settlement, rather then risk a negative outcome before the trier of fact. This is essentially what Dinkin said to Plaintiff's counsel in his email. Likewise, state and federal courts universally encourage attorneys to resolve pending matters to avoid court intervention to promote the effective and efficient administration of justice. *See, e.g.*, FLA. R. JUD. ADMIN. 2.050(a) & (b)(3) (2013) (requiring the chief judge of every circuit court to develop a plan for the most efficient administration of all courts in the circuit); ADMIN. ORDER NO. 3-8.0 (10th Jud. Cir.

Sept. 4, 1986) (establishing the county court mediation program). Accordingly, Count I of Plaintiff's complaint alleging a violation of §1692f should be dismissed with prejudice.

### D. **Plaintiff Fails to Allege any Facts to Support an Award of Actual Damages**.

In paragraph 37 of the Complaint and Plaintiff's *ad danum* clause, he requests an award of actual damages pursuant to §1692k(a)(1). Plaintiff, however, does not allege any facts to support such an award of actual damages. The Middle District has consistently denied a plaintiff an award of actual damages, including when actual damages are sought for emotional distress when the complaint or record (at later stages of the case) are devoid of any specific facts supporting a claim for actual damages for emotional distress. *See, e.g.*, *Lane v. Accredited Collection Agency, Inc.*, 2014 WL 1685677 *8 (M.D. Fla. Apr. 28, 2014). Accordingly, Plaintiff's demand for an award for actual damages should be dismissed or stricken.

### V. Conclusion

Plaintiff's Complaint against the Defendants should be dismissed with prejudice because the acts complained of do not give rise to a cause of action under the FDCPA, as a matter of law. Plaintiff has also failed to plead entitlement to actual damages.

WHEREFORE, Defendants, SHAFRITZ and DINKIN, P.A., and MITCHELL A. DINKIN, having fully responded to the Complaint filed against them by the Plaintiff, NEDZAD MILJKOVIC, demand that the Complaint be dismissed with prejudice and that the Plaintiff go hence forth without day, and that the Defendants be awarded their reasonable attorney's fees and cost pursuant to §1692k(a)(3), and other applicable rules and law, together with such other and further relief the Court deems just and proper.

Respectfully submitted,

 s/Steven R. Braten
Steven R. Braten
Florida Bar No. 0018074
STEVEN R. BRATEN, P.A.
Attorneys for Defendants
500 Gulfstream Boulevard, Suite 104
Delray Beach, Florida 33483
Phone: (561) 270-3291
Fax:    (888) 202-1679
Srblaw2012@gmail.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on May 19, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Eric C. Roberson, Esquire, Eric C. Roberson, P.A., Attorneys for Plaintiff, 2064 Park St., Jacksonville, Florida 32204 email: eric@robersonlawjax.com.

Respectfully submitted,

 s/Steven R. Braten
Steven R. Braten
Florida Bar No. 0018074