# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NEDZAD MILJKOVIC,

        Plaintiff,                CASE NO.: 8:14-CV-00635-VMC-TBM

vs.

SHAFRITZ AND DINKIN, P.A.,
and MITCHELL A. DINKIN,

        Defendants.

_____

## PLAINTIFF'S MEMORANDUM IN OPPOSITION
## TO DEFEDANTS' MOTION TO DISMISS

    Plaintiff Nedzad Miljkovic hereby files his memorandum in opposition to Defendants' Motion to Dismiss [D.E. 16] and states:

### INTRODUCTION

    1.    Plaintiff has asserted claims under multiple sections the FDCPA for Defendants' improper, unfair and deceptive actions during a state court wage garnishment proceeding. Specifically, Defendants - a law firm and partner in that firm - made false, misleading or deceptive statements under oath in an attempt to continue an improper garnishment and "squeeze" Plaintiff into agreeing to turn over funds to which Defendants (and their client) were not entitled.

    2.    Additionally, Defendants continued the garnishment after receiving additional financial documents that they requested which further established Plaintiff's exemption to garnishment. This conduct is actionable under the FDCPA as an unfair and unconscionable means to collect a debt.

3.     It was only once Defendants would be held to admit under oath that they had no basis to dispute Plaintiff's Claim of Exemption in a deposition that Defendants released the improper garnishment.

4.     Now Defendants seek to dismiss the Complaint by claiming, among other things, that they fully complied with Florida's garnishment statutes.  This argument misses the point. Other courts addressing virtually identical scenarios have found that the FDCPA applies to these improper collection activities.

5.     Plaintiff has stated valid claims and is entitled to a determination on the merits. Accordingly, Defendants' Motion to Dismiss is properly denied.

**FACTUAL BACKGROUND**

6.     This lawsuit arises from a state court action to collect a consumer debt.  [D.E. 1, ¶¶ 9-10].  Defendants, on behalf of their client Publix Employees Federal Credit Union ("Publix"), obtained a Final Judgment and began collection efforts through a writ of garnishment against Plaintiff's wages.  [*Id*. at ¶¶ 10-11].

7.     Plaintiff is employed by Lowe's Home Center, Inc. ("Lowe's").  Lowe's was served with a writ of garnishment and began withholding 25% of Plaintiff's wages.  [D.E. 1, ¶12].

8.     Plaintiff properly and timely filed a Claim of Exemption that his wages were exempt from garnishment under Florida's Head of Family exemption. [D.E. 1, ¶ 13]. In addition to the "bare-bones" claim of exemption form, Plaintiff also provided a sworn affidavit providing Defendants with specific information, under oath, that (i) Plaintiff's household consists of him and his wife; (ii) Plaintiff's wife is disabled, unable to work and receives Social Security

benefits; (iii) Plaintiff's wages from Lowe's provide more than 1/2 of the support for his wife, who depends on his income for support. [D.E. 1, Ex. A].

9. In the equivalent of a knee-jerk reaction, the same day as receiving Plaintiff's affidavit, Defendants filed an affidavit under oath disputing Plaintiff's Claim of Exemption and stating that "the facts supporting [Miljkovic's] Claim of Exemption are in dispute...." [D.E. 1, ¶21;Ex. B].

10. Defendants made this sworn statement without any basis in fact and in a bad-faith attempt to force a settlement by seeing how long Plaintiff could last without a significant portion of his wages. [D.E. 1, ¶ 23].

11. After receiving Plaintiff's affidavit, Defendants requested documents identifying how much Plaintiff's wife received in Social Security, as well as their monthly family expenses. [D.E. 1, ¶ 24]. Defendants also sent exhaustive discovery requests seeking information largely unrelated to Plaintiff's Claim of Exemption. [*Id*. at ¶ 25].

12. Plaintiff sent Defendants the requested information, including 3 months of bank statements and a monthly budget. [D.E. 1, ¶26]. Defendants continued to leverage the garnishment and the parties' inability to obtain a hearing for several weeks to force Plaintiff into a settlement by agreeing to a garnishment of funds which were exempt and uncollectable. [*Id*. at ¶¶ 27-30].

13. When Defendants refused to release the garnishment, Plaintiff set Defendant Dinkins for deposition to determine the factual basis for his sworn opposition. [D.E. 1, ¶ 32].

14. As Defendant Dinkins' deposition was approaching - and Defendants would be forced to admit under oath that there was no factual basis for his sworn opposition - Defendants finally dissolved the improper garnishment. [D.E. 1, ¶ 32].

15. After the garnishment was dismissed, Plaintiff filed suit alleging violations of 15 U.S.C. §1692d, 15 U.S.C. §1692e, 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f based on Defendants' improper conduct. [D.E. 1, ¶ 36].

**DEFENDANTS' MOTION TO DISMISS**

16. Defendants filed a Motion to Dismiss with Prejudice arguing that Plaintiff failed to state a claim. [D.E. 16]. After a detailed discussion of Florida's garnishment statute, [*Id*. at pp. 5-7], Defendants argue that strict compliance with that statute defeats Plaintiff's claims as a matter of law.

17. Defendants claim they are not required to have any factual or good-faith basis for filing a sworn opposition to the Claim of Exemption. [D.E. 16, p. 8]. Furthermore, Defendants argue they were not required to give deference to Plaintiff's affidavit. [*Id*. at pp. 8-9].

18. Based on these arguments, Defendants claim that 15 U.S.C. §1692d does not apply to Defendants' actions and that Plaintiff failed to allege specific facts to support Defendants' actual knowledge that Plaintiff's wages were exempt. [D.E. 16, pp. 10-12].

19. Similarly, Defendants argue that their statutory ability to file a sworn affidavit opposing Plaintiff's claim of exemption makes them immune from 15 U.S.C. § 1692e and e(10). [D.E. 16, pp. 12-15]. Defendants devote significant effort in distinguishing the *Cadle* case.[1] [*Id*. at 13-15].

20. In support of dismissing the claims under 15 U.S.C. 1692f, Defendants again argue their compliance with Florida's garnishment statutes. [D.E. 16, p. 15]. Defendants also argue that Defendants' email to Plaintiff's counsel do not give rise to FDCPA liability. [*Id*. at pp.

---

[1]Presumably, Defendants are referring to *Chalik v. Westport Recovery Corp.*, 677 F.Supp. 2d 1322 (S.D. Fla. 2009) instead of *Cadle Co. v. G&G Associates*, 757 So.2d 1278 (Fla. 4th DCA 2000). *Cadle* involved general state law garnishment issues while *Chalik* discussed the FDCPA's applicability to filing a sworn opposition to a claim of exemption in bad faith.

4

15-16]. Defendants further claim that holding them liable would have a chilling effect on attorneys evaluating settlements. [*Id*. at 16-17].

21. Finally, Defendants claims that Plaintiff failed to allege sufficient facts to seek actual damages. [D.E. 16, p. 17].

## MEMORANDUM OF LAW

### Standard of Review

22. A Rule 12(b)(6) motion questions the legal sufficiency of a complaint. In assessing the merits of the motion, the Court must assume all factual allegations in the complaint are true and it must construe those allegations in the light most favorable to the plaintiff. *Chepstow, Ltd. v. Hunt,* 381 F.3d 1077, 1080 (11th Cir. 2004); *Whitbeck v. I.R.S.,* No. 8:10-CV-1578-T-33MAP, 2011 WL 3426054, *2 (M.D. Fla. Aug. 5, 2011); Rule 12(b)(6), Fed. R. Civ. P.

23. A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt the plaintiff can prove no set of circumstances that would entitle him to relief. *Whitney Nat'l Bank v. SDC Communities, Inc.*, No. 8:09-cv-01788-EAK-TBM, 2010 WL 1270264, *1 (M.D. Fla. Apr. 1, 2010) (quoting *Am. Ass'n of People with Disabilities v. Smith*, 227 F.Supp. 2d 1276, 1280 (M.D. Fla. 2002)).

24. In order to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

25. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The pleading standard does not require "detailed factual allegations;" rather, the allegations need only "raise a right of relief above the

speculative level." *Whitney Nat'l Bank*, 2010 WL 1270264, at *2 (quoting *Twombly*, 550 U.S. at 555).

26. The Court may not evaluate the merits of a case in a Motion to Dismiss. Dismissal is warranted only if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief. *Partylite Gifts, Inc. v. MacMillan*, 8:10-cv-1490-T-27EAJ, 2010 WL 5209364, *2 (M.D. Fla. Nov. 24, 2010) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326 (1989)).

27. In this case, Plaintiff has alleged sufficient facts to establish a violation of several sections of the FDCPA. Moreover, several cases discussing similar factual scenarios have found actions such as the Defendants' here sufficient to state a claim under the FDCPA.

**Compliance with Florida's Garnishment Statute is Irrelevant**

28. Defendants place great reliance and emphasis on their compliance with Florida's garnishment statute. It is argued as though it is a silver bullet that places Defendants above any potential liability.

29. As stated by the *Chalik* court:

> Defendants' compliance with the Florida Statute §§ 77.041 and 222.12 has little relevance to Defendants' compliance with the FDCPA as a debt collector may violate the FDCPA while simultaneously following an authorized state procedure. It is the provisions of the FDCPA that by and of themselves determine what debt collection activities are improper under federal law.

*Chalik*, 677 F.Supp. 2d at 1329.

30. Plaintiff is not alleging a violation of Florida's garnishment statutes. Plaintiff alleges that Defendants used the garnishment statutes and sworn affidavit in bad faith, unfairly, and unconscionably as a means of collecting a debt thus giving rise to liability under Sections 1692d, 1692e and e(10) and 1692f.

### Effect of Plaintiff's Affidavit

31.     Under Florida law, Plaintiff is the Head of Family and his wages are exempt from garnishment. *See* Fla. Stat. § 222.12(1)(c). Plaintiff's affidavit placed Defendants on notice that Plaintiff provided more than one-half of the support for his wife - who was dependent on Plaintiff's wages for support. [D.E. 1, Ex. A].

32.     Defendants first assail the affidavit by claiming that it is not specific enough and, thus, inconclusive as to whether Plaintiff was Head of Family. [D.E. 16, p. 9]. This simply ignores the definition of "Head of Family" in Florida Statute § 222.11. The affidavit provided sworn proof that Plaintiff met the definition of "Head of Family." The pleading stage is not the appropriate juncture to dispute whether Plaintiff's affidavit was specific enough.

33.     Defendants also claim that they may properly ignore Plaintiff's affidavit because it is "self-serving" and biased. [D.E. 16, p. 9]. Defendants argue that they had a **duty** to dispute the claim of exemption. [*Id*. at p. 8]. However, Defendants may not stick their heads in the sand and claim ignorance of Plaintiff's sworn proof  - and later bank statements - to continue leveraging a garnishment as a means to coerce a settlement. Contrary to Defendants' position, other courts have found assertions and submissions by debtor's counsel to be highly reliable.

34.     In *Hogue v. Palisades Collection, LLC*, the debtor was represented by an attorney in a debt collection proceeding. *Hogue*, 494 F.Supp. 2d 1043 (S.D. Iowa 2007). Pre-judgment, Hogue's attorney sent the creditor's attorney a letter accompanied by the debtor's affidavit establishing that her wages were exempt from garnishment. *Id*. at 1045-46.

35.     After a default judgment was entered, the judgment creditor initiated garnishment proceedings. *Hogue*, 494 F.Supp. 2d at 1046. The debtor's attorney again contacted opposing

counsel and, this time, provided bank statements in support. *Id*. The next business day, the garnishment was released. *Id*.

36. Hogue then filed a claim under the FDCPA, specifically 15 U.S.C. § 1692f, for the improper garnishment. Defendants moved to dismiss arguing that they followed the state's garnishment laws and had "no independent verification" of debtor's affidavit. *Hogue*, 494 F.Supp. 2d at 1047-48.

37. In denying defendants' Rule 12(b)(6) motion to dismiss, the court placed great weight on the affidavit and communications from the debtor's counsel. The court stated that the debtor's attorney:

> "as a source of information was just as effective, if not more so, than any information the bank may have provided. Thus, Defendants' argument that the garnishment proceeding was the *only* method to ascertain Hogue's assets seems disingenuous at best, given that Defendants obtained the necessary verification from [debtor's attorney]."

*Hogue*, 494 F.Supp. 2d at 1048.

38. Given the attorney's representation and affidavit, "any judgment creditor would almost be certain that the bank account only contained exempt ... funds. At a minimum, Defendants were put on notice of the likelihood and should have undertaken further verification with [the attorney]." *Hogue*, 494 F.Supp. 2d at 1050. Although an adversarial system, debt collector attorneys such as Defendants "must engage in due diligence, however, they must also take time to stop and think." *Id*. at 1051.

39. Following *Hogue*, the court in *Bray v. Cadle Company* denied a motion to dismiss plaintiff's 1692f claim where the plaintiff provided a letter and, later, an affidavit that his bank account contained non-garnishable funds. *Bray*, 4:09-cv-663, 2010 WL 4053794, *15 (S.D. Tex. Oct. 14, 2010).

40. The same result is warranted here. While Defendants argue that Plaintiff's affidavit presented by Plaintiff's attorney is somehow unreliable and ignorable - the opposite is true.

**Defendants' Sworn Opposition to Plaintiff's Claim of Exemption**

41. Defendants attempt to conduct a dissection of the language in their sworn opposition to argue that it may be "technically" correct. [*See* D.E. 16, p. 12]. Their argument is that "disputing" the Claim of Exemption does not require actual knowledge and can be employed to keep the garnishment intact until a hearing can be held.

42. Black's Law Dictionary defines "dispute" as a conflict or controversy. (9th ed., 2009). In fact, Defendants had no knowledge and no basis to dispute Plaintiff's Claim of Exemption. [D.E. 1, ¶ 23]. Additionally, Defendants' sworn opposition falsely claims that the facts supporting Plaintiff's Claim of Exemption are in dispute. [*Id*. at Ex. B].

43. However, there can be no dispute when Defendants have nothing more than Plaintiff's sworn proof of his entitlement to exemption. Defendants may not like that Plaintiff's wages are exempt, but that does not entitle them to file a sworn opposition in bad-faith and with no factual basis whatsoever solely as a method to keep the garnishment in place to "squeeze" Plaintiff into a settlement.

44. Regardless of whether the language of the sworn opposition is technically correct, Plaintiff has alleged that the sworn opposition itself was filed - and the garnishment continued - in bad faith as an unfair, unconscionable and deceptive means to collect a debt. [D.E. 1, ¶ 23].

45. Defendants had the opportunity to do the right thing. When confronted with sworn proof of Plaintiff's entitlement to the exemption, they could have dismissed the garnishment and engaged in discovery to determine whether there was a basis to dispute that

exemption. However, Defendants preferred to keep applying pressure in hopes of forcing Plaintiff to turn over his otherwise exempt funds. [*See* D.E. 1, ¶ 23]. Other courts have held that unfounded garnishment affidavits from debt collection attorneys are actionable under the FDCPA.

46. In *Todd v. Weltman, Weinberg & Reis Co, L.P.A.*, the Sixth Circuit Court of Appeals permitted claims under 15 U.S.C. §§ 1692e and 1692f where the defendant filed an affidavit to initiate garnishment proceedings without any factual basis. *Todd*, 434 F. 3d 432 (6th Cir. 2006). The court's ruling explored the debt collector's incentives for filing an affidavit with no factual basis in order to pursue a garnishment. *Id*. at 442-43.

47. The court found that the financial incentives and client pressure easily overcame any claimed 'chilling effect' were debt collection attorneys denied immunity for their affidavits. *Todd*, 434 F. 3d at 442-43. Instead, requiring some foundation for filing a sworn affidavit to initiate a garnishment will make debt collection attorneys "have the incentive to conduct some sort of investigation or have some other reasonable basis for its affidavit...." *Id*. at 443.

48. Similarly, another court denied defendant's motion for summary judgment on plaintiff's 1692e and 1692f claims where defendant filed an affidavit to initiate garnishment after receiving plaintiff's unsworn information that her funds were exempt. *See Jordan v. Thomas & Thomas*, C-1-04-296, 2007 WL 2838474 (S.D. Ohio Sept. 26, 2007).

49. Any distinction between the affidavits in *Todd* and *Jordan* being pre-garnishment and the affidavit in this case being post-Claim of Exemption is meaningless. An affidavit made without knowledge, in the face of sworn proof to the contrary, and done in order to further a garnishment is actionable under the FDCPA.

**Plaintiff has Stated a Claim Under 1692(d)**

50. 15 U.S.C. § 1692d prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The statute includes a non-exhaustive list of actions constituting violations. 15 U.S.C. § 1692d. However, non-enumerated conduct may violate the general prohibitions of the statute. *See Chalik*, 677 F.Supp. 2d at 1330.

51. The purpose behind 15 U.S.C. § 1692d was for Congress to protect consumers from unethical debt collection practices. *See Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 176 (W.D.N.Y. 1988).

52. Defendants spend great time attempting to distinguish the *Chalik* case and Plaintiff agrees it is distinguishable. However, the distinguishing features cut in favor of Plaintiff's claims.

53. In *Chalik*, the Plaintiff filed a "bare-bones" claim of exemption without any detailed factual support. *Chalik*, 677 F.Supp. 2d 1322, 1325. The creditor's attorney, following Florida law, filed a sworn statement denying the claim of exemption. *Id*. Unlike this case, *Chalik* involved no allegations that the creditor's attorney had specific knowledge regarding the exempt nature of the debtor's wages. *Id*. at 1330.

54. Chalik alleged violations of 1692d, 1692e and 1692f and defendants moved to dismiss. *Chalik*, 677 F.Supp. 2d at 1324. While the court permitted the 1692e claim, plaintiff's 1692d claim was dismissed. *Id*. at 1329-30. However, the reasoning for the dismissal is noteworthy.

55. The court held that the "filing of a sworn statement denying Plaintiff's claim of exemption, ***without any specific knowledge regarding the exemption***, in a garnishment

11

proceeding is not the kind of conduct that was intended to be covered by § 1692d." *Chalik*, 677 F.Supp. 2d at 1330 (emphasis added).

56. In this case, however, Defendants *had specific knowledge regarding Plaintiff's exemption*. [D.E. 1, ¶ 36].

57. In addition to the differences with *Chalik*, the plain language of 1692d applied to the Defendants' actions states a claim that cannot be dismissed as a matter of law. At a minimum, whether Defendants' actions would naturally harass, oppress or abuse Plaintiff presents a question of fact that cannot be resolved on a Motion to Dismiss.

### 1692e and 1692e(10) Prohibit Defendants' Conduct

58. Like 1692d, section 1692e contains a general prohibition accompanied by non-exhaustive examples of violations. Generally, 1692e bars "any false, deceptive or misleading representation or means in connection with the collection of any debt." Subsection 10 of the statute prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10).

59. Defendants' used the sworn opposition to Plaintiff's Claim of Exemption as well as continuing the garnishment after receiving additional bank statements and financial info in an effort to get "a better picture of him financially." [D.E. 1, Ex. D]. At a minimum, this is a tactic used to "obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

60. Other courts have found that groundless affidavits to initiate or continue garnishments state a claim under 1692e.

61. The courts in *Todd* and *Jordan* found that the plaintiffs stated 1692e claims under circumstances similar to those present in this case. In *Jordan*, the court found that issues of fact as to whether defendants filed their garnishment affidavit in bad-faith precluded defendant's

request for summary judgment. *Jordan*, 2007 WL 2838474, *10-12.  In doing so, the court rebuffed defendants arguments that (i) the affidavit was not a communication and (ii) defendants had reason to believe plaintiff's funds were non-exempt despite her statements to the contrary. *Id*.

62.     In *Chalik*, the Southern District of Florida reasoned that a "jury could find Defendants' sworn statement denying Plaintiff's claims of exemption, if untrue, to be a false representation. Thus the filing of an untrue sworn statement without specific knowledge could be the kind of conduct that was intended to be covered by § 1692e(10) or more generally § 1692e." 677 F.Supp. 2d at 1330.

63.     Given Defendants' specific knowledge in this case, Plaintiff has certainly stated a claim under 1692e and 1692e(10).

64.     Defendants try mightily to point out every possibly distinction with *Chalik* in an attempt to avoid a similar ruling on the 1692e claim. [D.E. 16, pp. 13-15].  Defendants point out several nuances of Florida's garnishment statute that may have changed between *Chalik* and the present.  Even assuming these changes, the question remains: what difference does it make? Defendants cannot answer this question.

65.     Defendants place great emphasis on the fact that, at the time *Chalik* was decided, attorneys were not statutorily permitted to sign a sworn denial. [D.E. 16, p. 14].  However, the collection law firm of Friedman and Greenberg, P.A. were named defendants as well as the defense attorneys on the case. *Chalik*, 677 F.Supp. 2d at 1324.  It is also stated that defendants - which included the attorneys - filed a sworn statement denying plaintiff's claim of exemption. *Id*. at 1325.

66. Defendants' claimed inability of attorneys to file sworn garnishment oppositions did not trouble the *Chalik* court nor did it form a basis for any of its reasoning. Even if there is some meaningful distinction from this legislative change, one would expect attorneys to be held to a higher standard of knowing not to file statements under oath without any factual basis.

67. Defendants claimed distinctions with *Chalik* are irrelevant. The *Chalik* court found viable 1692e claims when lawyers filed a sworn opposition to a garnishment with little-to-no factual basis. The same result is required here.

**Defendants Violated 1692f**

68. Section 1692f prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt. Like the other sections, there is a general proscription accompanied by a non-exhaustive list of examples.

69. Defendants again rely on their alleged compliance with Florida's garnishment statute to avoid liability under 1692f. [D.E. 16, p. 15]. Defendants also summarily claim that Plaintiff has failed to allege ultimate facts entitling him to relief. [*Id.*][2]

70. This argument is contradicted by multiple cases finding that conduct similar to Defendants' is actionable under 1692f.

71. In *Todd*, the Sixth Circuit upheld a 1692f claim against a law firm that filed an affidavit to initiate a garnishment without a factual basis. *Todd*, 434 F.3d 432.

72. Likewise, in *Hogue*, the court denied defendants' motion to dismiss plaintiff's 1692f claim where creditors' attorneys initiated a garnishment after plaintiff's attorney provided debtor's affidavit and, later, his bank statements. *Hogue*, 494 F.Supp. 2d 1043.

---

[2]Defendants also engage in a detailed discussion of whether Defendants' emails to Plaintiff's counsel constitute a communication or are otherwise actionable under the FDCPA. [D.E. 16, pp 15-17]. However, this is not a basis of Plaintiff's claims. Defendants' correspondence show their motive but are not a stand-alone basis of liability.

73. The *Bray* court followed *Hogue* and permitted a 1692f claim where defendants garnished plaintiff's bank account despite or having reason to know that it contained exempt funds and they failed to conduct discovery before moving forward with the garnishment. *Hogue*, 2010 WL 4053794, *15.

74. Another court also permitted a 1692f claim where defendant filed an affidavit to initiate garnishment after receiving plaintiff's unsworn information that her funds were exempt. *See Jordan*, 2007 WL 2838474.

75. Defendants cannot cite to any analogous case denying a 1692f claim and their motion to dismiss on these grounds must be denied.

**Plaintiff May Seek Actual Damages**

76. Finally, Defendants assert that Plaintiff has failed to allege any facts to support an award of actual damages and they request that the claim for actual damages be dismissed or stricken. [D.E. 16, p. 17] In support, Defendants rely on the case of *Lane v. Accredited Collection Agency, Inc.*, No. 6:13-CV-530-Orl-18GJK,2014 WL 1685677 (M.D. Fla. Apr. 28, 2014).

77. In *Lane*, the court denied a final default judgment where the Plaintiff's affidavit failed to prove that plaintiff received medical treatment or took over the counter medications in support of his claim for actual damages. *Lane*, 2014 WL 1685677, at *8. *Lane* did not involve any discussion of pleading standards for seeking actual damages.

78. Defendants ask this Court to hold Plaintiff to a standard of proof that is reserved for trial, not the pleading stage.

79. Any ultimate facts necessary to prove actual damages - including the Middle District's requirement for medical treatment or medication in order to receive actual damages -

15

can be developed through discovery. Defendants have cited no cases dismissing a claim of actual damages under the FDCPA at the pleading stage. Plaintiff's damages must be decided by a finder of fact and not on a motion to dismiss.

### Conclusion

80. Defendants must be held to answer for their conduct that violates several provisions of the FDCPA. Whether or not Defendants complied with Florida's garnishment statutes is of no import.

81. Given both the plain language of the statutes at issue and the cases permitting claims under similar factual scenarios, Defendants' Motion to Dismiss must be denied.

WHEREFORE, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss and permit this action to be determined on the merits.

Dated: June 2, 2014                    **ERIC C. ROBERSON, P.A.**

By:    */s/ Eric C. Roberson*
         Eric C. Roberson
         Florida Bar No. 0014649
         2064 Park St.
         Jacksonville, FL 32204
         (904) 404-8800
         (904) 517-8387 (fax)
         eric@robersonlawjax.com
         *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on June 2, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Steven R. Braten
Steven R. Braten, P.A.
500 Gulfstream Blvd., Ste 104
Delray Beach, Florida 33483


                                          */s/ Eric C. Roberson*