UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEDZAD MILJKOVIC

      Plaintiff,                              CASE NO.: 8:14-cv-00635-VMC-TBM

v.

SHAFRITZ and DINKIN, P.A.,
and MITCHELL A. DINKIN,

      Defendants
_____/

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT WITH PREJUDICE

      Defendants, SHAFRITZ AND DINKIN, P.A. and MITCHELL A. DINKIN, by and through the undersigned counsel, hereby file and serve this Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss the Plaintiff's Complaint with prejudice [D.E. 18] (hereinafter the "Response"), as follows:

      1.     In response to Defendants' motion to dismiss, Plaintiff continues to assert that he has successfully alleged multiple violations of the FDCPA arising from Defendants' conduct in a state court post-judgment garnishment proceeding.  [*Response p. 6, at ¶27*]

      2.     Plaintiff further contends that he is not alleging a violation of Florida's garnishment statute, but rather that Defendants filed an affidavit disputing Plaintiff's claim of exemption "in bad faith, unfairly, and unconscionably, as a means of collecting a debt thus giving rise to liability under Sections 1692d, 1692e and e(10) and 1692f."  [*Id. at ¶30*].

      3.     This is fatal to Plaintiff's claims.

4. A closer examination of Plaintiff's Response reveals that in order for Plaintiff's FDCPA claims to proceed based on the facts Plaintiff has alleged, this Court will have to rewrite Florida's Garnishment Statute, or, at the very least, engraft new requirements onto Chapter 77 that the Florida Legislature did not believe was necessary or appropriate to protect its citizens in post judgment garnishment proceedings.

5. The entire crux of Plaintiff's position is that when the Defendants received Plaintiff's "sworn proof of Plaintiff's entitlement to the exemption, they could have dismissed the garnishment and engaged in discovery to determine whether there was a basis to dispute that exemption." [*Id. at p. 9-10, at ¶45*].

6. Plaintiff does not cite any legal authority from a Florida or federal court interpreting Florida's garnishment statute in this manner. Nor does Florida's garnishment statute require a judgment creditor to immediately dismiss a post-judgment wage garnishment proceeding upon receipt of an affidavit from the judgment debtor asserting his wages are exempt. Rather, as the Defendants will further illustrate in this Reply, the law in Florida is quite to the contrary.

7. Notwithstanding, Defendants did serve the Plaintiff with discovery and moved to dissolve the writ of garnishment three (3) days after they received Plaintiff's formal discovery responses, which contained corroborating documentation that may have presumably established Plaintiff's exemption claim had the matter been tried in state court.

8. In support of his argument how the Defendants should have responded to Plaintiff's exemption claim, Plaintiff relies primarily upon *Todd v. Weltman, Weinberg & Reis Co., L.P.A.*, 434 F.3d 432 (6th Cir. 2006) and *Jordan v. Thomas & Thomas*, 2007 WL

2838474 (S.D. Ohio Sept. 26, 2007).  Both of these FDCPA cases are premised on the plaintiffs in those cases alleging the judgment creditors' law firms <u>violated</u> Ohio's garnishment statute – something Plaintiff concedes the Defendants did not do in this case.[1] The *Jordan* case, in particular, illustrates why Plaintiff's claims should be dismissed in light of Plaintiff's admission Defendants did not violate Florida's garnishment statute.[2]

9. Importantly, unlike the current version of Florida's garnishment statute, the Ohio statute requires the <u>judgment creditor</u> to file affidavit to commence a garnishment proceeding.[3]  As such, Ohio's garnishment statute and the *Todd* and *Jordan* decisions premised upon that statute are significantly distinguishable from Florida's garnishment statute, and consequently from the case at bar.

10. Ohio's statute requires a judgment creditor or the creditor's attorney to file an affidavit that states, among other things, "*the affiant <u>has a reasonable basis</u> to believe that the person named in the affidavit as the garnishee may have property other than personal earnings, of the judgment debtor that is not exempt under the law of this state or the United States.*" See *Jordan*, 2007 WL 2838474 *4 (quoting Ohio Revised Code. Section 2716.11).

---

[1] Defendants' Reply will focus on distinguishing the Jordan case because the Todd case does not analyze the plaintiffs' claims against Ohio's garnishment statute, but rather the opinion is limited to an analysis of the defendants' Rooker-Feldman and absolute wintess immunity defenses.

[2] Plaintiff relies upon *Chalik v. Westport Recovery Corp*, 677 F.supp.2d 1322 (S.D. Fla. 2009) in support of his §1692e and e(10) claims.  A review of the Southern District Court's opinion reveals that it only performed a cursory analysis of Florida's garnishment statute and cited no legal authority to support its holding that if a sworn denial of a judgment debtor's claim of exemption turns out to be "untrue," the judgment debtor can sue the judgment creditor for making a false representation.  Since there is no supporting authority for these statements and conclusions, undersigned counsel respectfully argues this Court should not find this decision persuasive in the case at bar.

[3] This is similar to Florida's pre-1967 Garnishment Statute.  [*See Defendants' Motion pp.5-6*].

11. In *Jordan*, the judgment creditor's attorney (the "Thomas law firm"), specifically stated under oath:

> I HAVE GOOD REASON TO BELIEVE AND DO BELIEVE THAT THE GARNISHEE NAMED IN SETION (A) BELOW HAS PROPERTY OTHER THAN PERSONAL EARINGS OWING BY THEM TO SAID JUDGMENT DEBTOR THAT IS NOT EXEMPT UNDER THE LAWS OF THE STATE OF OHIO AND THE UNITED STATES

12. The facts in *Jordan* reveal, however, that the Thomas law firm had a good reason to believe the funds in Jordan's bank account were <u>solely exempt funds</u>, but nevertheless proceeded to garnish Jordan's bank account. Perhaps most importantly, the District Court in *Jordan* relied on its <u>interpretation of Ohio's garnishments statute</u> in holding that Jordan had a viable FDCPA claim against the Thomas law firm.

## **Analysis of *Jordan* and Ohio's Garnishment Statute**

13. Jordan sued the Thomas law firm alleging the Defendants <u>should have known</u> that her account contained only exempt funds, and violated the FDCPA for filing an affidavit in which Defendant Thomas falsely stated that he had a "good reason to believe" that the account contained nonexempt funds. 2007 WL 2838474 *5. Jordan was referring to the letter from Social Security Administration she provided the Thomas law firm with her answer to the underlying state court complaint, which confirming her exempt source funds. *Id.* at *4.

14. The Thomas law firm argued that Jordan's claims were barred by the Rooker-Feldman doctrine, and the absolute witness immunity doctrine. The Thomas law firm also made a public policy argument, as well as statutory interpretation arguments of the Ohio

garnishment statute. The Court's analysis and holdings relative to these statutory interpretation arguments bears the most relevance to the case at bar.

15. The Thomas law firm argued that "the making of a false statement to a court to commence garnishment proceedings is not the kind of false or unconscionable conduct that the FDCPA was enacted to prevent." 2007 WL 2838474 at *7. The Thomas law firm also argued that Congress intended the FDCPA to regulate communications to debtors and not communications made to courts. *Id.*

16. The District Court rejected these arguments, holding that to accept the Thomas law firm's arguments would permit debt collectors or their collection attorneys to accomplish in a court proceeding what they are expressly prohibited from doing outside of the courtroom. *Id.*

17. In addition, the District Court rejected the Thomas law firm's argument that the Ohio garnishment statute, including the "good reason to believe and does believe" language really means that under Ohio law, funds in a debtor's bank account are presumed to be non-exempt, and that the debtor must prove to the contrary at a hearing on the issue. In rejecting this argument, the District Court first stated, "an exploration into the nature of the ***affidavit requirement under Ohio law governing garnishment procedures*** is a necessary predicate to determining whether Defendant's actions violated the FDCPA." *Id.* (emphasis added).

18. After preforming this analysis, the District Court concluded, "the Court would necessarily would be forced to ***ignore the plain language of Ohio Rev. Code §2716.11***, were it to read into that statute the presumption upon which Defendants claim reliance." *Id.* at 9

(emphasis added).  In arriving at this conclusion, the District Court quoted the Sixth Circuit's statement made within its analysis of the non-applicability of absolute witness immunity doctrine to similar facts, that a defendant debt collector "***may actually be forced to obey Ohio law and conduct some sort of preliminary investigation of a debtor's assets to determine whether they are exempt***."  *Id.* (citing *Todd*, 434 F.3d at 432) (emphasis added).

19. The Thomas law firm also argued that if the District Court were to find it violated the FDCPA, such a finding would be inconsistent with the requirements of Ohio's garnishment statute.  2007 WL 2838474 at *10.

20. The District Court rejected this statutory argument as well stating:

Defendants' argument is misplaced because Plaintiff does not allege that Ohio's garnishment procedures are in conflict with the FDCPA.  To the contrary, Plaintiff alleges that Defendants' failure to comply with Ohio law-namely the requirement set forth in Ohio Rev.Code §2716.11(B) that a collector have to believe that an account contains non-exempt fund before initiating and [sic] action to garnish that account-amounted to a violation of the FDCPA.

21. Therefore, it is clear from the Southern District Court of Ohio's opinion in *Jordan* (as well as *Todd* opinion) that Ohio's garnishment statute imposed on the creditor's law firm a <u>duty</u> to perform a preliminary investigation into whether the funds it was about to garnish were exempt funds, and that the failure to do so resulted in the affidavit being a false oath actionable under the FDPCA.

**<u>Florida's Garnishment Statute Does Not Have "Good Faith Belief" Requirement</u>**

22. As the Defendants' motion sets forth in detail, Florida does not require a judgment creditor to file an affidavit to issue a writ of garnishment.  Nor does §77.041(3) require that the judgment creditor or its attorney have a "good reason to believe" the judgment debtor's head of household or other claim of exemption in response to a wage

garnishment is false before filing a "sworn written statement that answers the claim of exemption." See FLA. STAT. §77.041(3) (2013).

23. Rather, to hold Plaintiff's Complaint states a cause of action under the FDCPA based on *Jordan* and *Todd*, this Court would have to depart from the plain meaning of Florida's garnishment statute – something the *Jordan* court refused to do to when it rejected the Thomas law firm's defensive arguments to liability under the FDCPA.

24. Specifically, this Court would have to hold that a judgment creditor or its attorney must have a good faith belief the judgment debtor's sworn claim of exemption is false before filing a sworn answer to trigger a hearing on the exemption claim under §77.041(3). §77.041 does not require the judgment creditor's attorney to perform a "preliminary investigation" into the exempt status of the debtors wages before entering a general denial of the claim of exemption under oath.

25. Under Plaintiff's theory, the judgment creditor must accept the judgment debtor's self-serving affidavit as true, dismiss the garnishment proceeding, perform discovery, and re-file the garnishment proceeding depending on whether discovery reveals the judgment debtor lied under oath when it claimed an exemption to garnishment.

26. Rather, the Fourth District Court in *Cadle Co. v. G & G Associates*, 757 So.2d 1278 (Fla. 4th DCA 2000), held that the garnishment statute "***does not require a controverting affidavit by the party who sued out the process, only a denial by that party under oath***." (emphasis added). Likewise, t0he Third District Court in *Cullen v. Marsh*, 34 So. 3d 235, 242 (Fla. 3d DCA 2010), held that a judgment creditor and the creditor's attorney:

> [W]ere, in fact, under no obligation to accept [the judgment debtor's] exemption claim, but were entitled instead to contest it and to have a hearing 'as soon as [was] practicable to determine the validity of the claimed exemption, at which [the judgment debtor] bore the burden of proving entitlement to a section 222.11 exemption."

27. These holdings illustrate how different Florida's garnishment statute is from Ohio's statute, and confirm that the judgment creditor is not required have good faith basis for generally denying a claim of exemption under oath. This is exactly what the Plaintiff admits the Defendants did, but nevertheless claims they violated the FDCPA.

28. This Court's decision in *G.E.E.N. Corp. v. Southeast Toyota Distributors, Inc.*, also illustrates why the Defendants were not required to "immediately dissolve" the writ of garnishment in the State Court lawsuit upon receipt of Plaintiff's exemption affidavit. First, this Court held that "[t]he debtor has the burden of establishing entitlement to an exemption." 1997 WL 561307, *2 (M.D.Fla.) (citing *In re Parker*, 147 B.R. 810, 812 (M.D. Fla. 1992).

29. The Court then stated, "[w]hile an individual may qualify as the head of family . . . it remains for the Court . . . to determine who the actual head of the family is. *Id.* at *3 (citing *Holden v. Gardner*, 420 So.2d 1082, 1083 (Fla. 1982)).[4] This Court then held, even where a debtor claims to be head of household and demonstrates that he provides more than half of the income for the family, the alleged dependent spouse may still be considered the <u>legal</u> head of family. This Court further stated that, according to Florida law, a debtor's

---

[4] See also *In re McAnany*, 294 B.R. 406 (Bankr. M.D.Fla.2003) (holding that a debtor does not meet the requisite burden of proof by merely testifying at a hearing regarding the claim of exemption; rather the debtor must produce a "quantum of documentary proof" in support of the claim) (*overruled on other grounds*) (citing *In re Bundy*, 235 B.R. 110, 112 (Bankr. M.D. Fla. 1999).

household may be arranged in such a manner that, although the debtor provides a substantial portion of the household income, the other spouse is really in charge. *Id.*[5]

30.     The *G.E.E.N.* case confirms that proof of household income (such as the bank statements produced in case at bar), is not always sufficient proof to demonstrate that a debtor is head of his family.  Where the debtor is married, as in the case at bar, he/she must produce additional evidence to confirm whether the debtor is in charge of the household, and then the court rules on the evidence.

31.     For the foregoing reasons and those in Defendants' Motion to Dismiss, Plaintiff's claims under the FDCPA fail to state a cause of action against the Defendants.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on June 16, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Eric C. Roberson, Esquire, Eric C. Roberson, P.A., Attorneys for Plaintiff, 2064 Park St., Jacksonville, Florida 32204 email: eric@robersonlawjax.com.

Respectfully submitted,

---

[5] In *G.E.E.N.*, the debtor and his spouse had arranged their household so that the debtor's wife "solely possessed or controlled, *inter alia*, the family bank accounts, responsibility and control for payment of the family expenses, maintenance of the family records, and ownership of the family automobiles." *Id*. Based on these facts, the Court found that the debtor was neither the head of the family in law or in fact. *Id*. at 4.

                                                                    s/Steven R. Braten
                                                                   Steven R. Braten
                                                                   Florida Bar No. 0018074
                                                                   STEVEN R. BRATEN, P.A.
                                                                   Attorneys for Defendants
                                                                   500 Gulfstream Boulevard, Suite 104
                                                                   Delray Beach, Florida 33483
                                                                   Phone: (561) 270-3291
                                                                   Fax:    (888) 202-1679
                                                                   Srblaw2012@gmail.com