UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NEDZAD MILJKOVIC,

    Plaintiff,

v.                      Case No.: 8-14-cv-635-T-33TBM

SHAFRITZ AND DINKIN, P.A., and
MITCHELL A. DINKIN, individually,

    Defendants.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendants Shafritz and Dinkin, P.A., and Mitchell A. Dinkin's Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. # 16) filed on May 19, 2014. Plaintiff Nedzad Miljkovic filed a Response (Doc. # 18) on June 2, 2014. With leave of Court, Defendants filed a Reply (Doc. # 24) on June 23, 2014. For the reasons stated at the hearing held on July 2, 2014, and for the reasons set forth below, the Court grants the Motion.

**I. Background**

Prior to 2008, Miljkovic received an automobile loan from Publix Employees Federal Credit Union ("Publix"), which qualifies as a debt as defined in 15 U.S.C. § 1692a(5). (Doc. # 1 at ¶ 7). Publix sued Miljkovic in the County Court in and

for Polk County, Florida to collect the debt. (<u>Id.</u> at ¶¶ 8-10). Publix obtained a final judgment for the debt on or about March 19, 2008. (<u>Id.</u> at ¶ 10).

In December of 2013, Defendants, the law firm of Shafritz and Dinkin, P.A., and Mitchell Dinkin, a partner at that firm, representing Publix, filed a motion seeking a continuing writ of garnishment against Miljkovic's wages, which was approved by the County Court Judge on or about January 2, 2014. (<u>Id.</u> at ¶ 11). After the writ of garnishment was served on Miljkovic's employer (Lowes Home Centers, Inc.), twenty-five percent of Miljkovic's wages were withheld. (<u>Id.</u> at ¶ 12).

Miljkovic filed a claim of exemption on January 27, 2014, asserting that his wages were exempt from garnishment because he is the Head of Family under Florida law, as his salary is the primary source of the household's income. (<u>Id.</u> at ¶¶ 13-14, Ex A). On or about January 22, 2014, Miljkovic executed an affidavit informing Defendants of the basis for his claim of exemption. (<u>Id.</u> at ¶ 18). In the affidavit, Miljkovic explained that his wife depended on his income due to her disability, and that he provides more than one-half of her support. (<u>Id.</u> at Ex. A). Miljkovic also stated that his typical weekly income does not exceed $750.00. (<u>Id.</u>).

When Defendants received Miljkovic's affidavit on January 31, 2014, Defendants filed a sworn reply in opposition to Miljkovic's claim of exemption on the same day (Id. at ¶ 21, Ex. B). The sworn reply states in pertinent part:

> On behalf of [Publix], the [Defendants] dispute[] that [Miljkovic] is a head of household/family within the meaning of Florida Statutes.
>
> The facts supporting [Miljkovic's] Claim of Exemption are in dispute and therefore, this garnishment action should be set for trial to determine these factual issues and [Publix's] right to garnishment of the wages/salary at issue.

(Id. at Ex. B).

Miljkovic alleges that Defendants sent out discovery requests consisting of twenty-four requests for admission, fifty-seven requests for production, and thirteen interrogatories, and according to Miljkovic, very few of these sought information relevant to Miljkovic's claim of exemption. (Id. at ¶ 25). On February 18, 2014, Miljkovic's counsel sent Miljkovic's last three months of bank statements to demonstrate his and his wife's incomes, as well as the household's monthly budget. (Id. at ¶ 26).

During an attempt to schedule the evidentiary hearing in County Court, Defendants' paralegal asked whether Miljkovic would agree to settle for a reduced amount of garnishment in lieu of pursuing the claim of exemption hearing, which

3

Miljkovic refused. (Id. at ¶¶ 29-30). On February 19, 2014, the evidentiary hearing regarding Miljkovic's claim of exemption was set to occur on March 31, 2014. (Id. at ¶ 27). On the same day, Defendants emailed Miljkovic's counsel in response to this news, writing:

> I understand we will have a hearing on 3/31/14 on the Claim of Exemption. That will allow your client to complete the outstanding discovery and give us a better picture of him financially. The sooner you get that to me the sooner we can try to wrap this up.

(Id. at ¶ 28, Ex. D).

Also on February 19, 2014, Defendants sent Miljkovic's counsel an email, which read:

> My paralegal also advised that you rebuffed any discussion of settlement, which doesn't seem to make much sense because the judgment is fairly small and both sides bear risk by going to a full blown evidentiary hearing.
>
> I would respectfully urge you to reconsider.

(Id. at Ex. E). Miljkovic alleges that Defendants admitted they had no factual basis for their sworn statement under oath in dispute of his claim of exemption. (Id. at ¶ 31).

Miljkovic set a deposition date on March 10, 2014, in order to question Defendant Dinkin regarding his sworn reply to the Court. (Id. at ¶ 32). Miljkovic returned the remaining discovery responses to Defendants on February 25, 2014. (Doc.

# 16 at 3-4). Thereafter, Defendants filed a motion to dissolve the garnishment on February 28, 2014, which was granted on March 6, 2014.[1] (Doc. # 1 at ¶ 32).

Thereafter, Miljkovic initiated this action on March 13, 2014, against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. (Doc. # 1). Defendants filed the present Motion on May 19, 2014. (Doc. # 16). Miljkovic filed a Response in Opposition to Defendants' Motion on June 2, 2014. (Doc. # 18). Thereafter, with leave of Court, Defendants filed a Reply to Miljkovic's Response on June 23, 2014. (Doc. # 24). The Court has reviewed the Motion, the Response thereto, and the Reply, and is otherwise fully advised in the premises.

## II. Legal Standard

---

[1] On May 19, 2014, Defendants filed a Notice to Take Judicial Notice in Support of Defendants' Motion to Dismiss Plaintiff's Complaint requesting that this Court take judicial notice of the filings, as well as the dates of the filings, set forth in the state court's docket in the case of Publix Employees Fed. Credit Union v. Nedzad Miljkovic, Case No. 2008SC935LK. (Doc. # 17). The Court can take judicial notice of related state court files for two limited purposes: to recognize the judicial act that the order represents or the subject matter of the litigation. United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). The Court has taken judicial notice of the dates from the state court docket for the underlying debt collection action without objection by the parties.

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However, in Twombly, the Supreme Court cautioned:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

As a threshold matter, the Court notes that Defendants' Motion has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings. When a document outside the pleadings is

considered, Federal Rule of Civil Procedure 12(d) requires that the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56. "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)(quoting Fed. R. Civ. P. 7(a) and 10(c)); see GSW, Inc. v. Long Cnty., Ga., 999 F.2d 1508, 1510 (11th Cir. 1993)(stating that when considering a motion to dismiss, "the Court limits its consideration to the pleadings and exhibits attached thereto.").

The Court notes that Miljkovic attached numerous exhibits to the Complaint. The Court has considered the attached exhibits, and did take judicial notice as specified above, for limited purposes, but has not considered any other documents in making its determination.

## III. **Analysis**

"Congress passed the FDCPA to protect consumers from debt collectors' abusive debt collection practices." Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367 (11th Cir. 1998)). To accomplish this, the FDCPA

"prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and the making of any false, misleading, or deceptive statements in connection with a debt, and it requires that collectors make certain disclosures." Acosta v. Campbell, No. 6:04-cv-761-Orl-28DAB, 2006 WL 146208, at *12 (M.D. Fla. Jan. 18, 2006)(citing 15 U.S.C. §§ 1692d, 1692e, 1692f).

### A. Applicability of FDCPA

At the hearing held by this Court on July 2, 2014, both parties stated that there is no binding case law applicable to the instant case. Instead, the parties submitted non-binding case law from other circuits and districts in an attempt to support their respective positions. See Chalik, 677 F. Supp. 2d at 1322; Hogue v. Palisades Collection, LLC, 494 F. Supp. 2d 1043 (S.D. Iowa 2007); McCollough v. Johnson, Rodenburg & Lauringer, LLC, 637 F.3d 939 (9th Cir. 2011); Sayyed v. Wolpoff & Abramson, 485 F.3d 226 (4th Cir. 2007); Walsh v. Law Offices of Howard Lee Schiff, P.C., No. 3:11-cv-1111 SRU, 2012 WL 4372251 (D. Conn. Sept. 24, 2012). The Court has also conducted an in-depth review of the legal authority on the issues presented and has found no binding case law on the applicability of the FDCPA to the present action.

However, from the Court's review, the Supreme Court case _Heintz v. Jenkins_, 514 U.S. 291 (1995), serves as an important starting point. Although _Heintz_ broadly states "the [FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation," the facts of _Heintz_ are distinguishable from the case at bar. _Id._ at 299. In _Heintz_, the defendant attorney sent a letter falsely stating the debt amount to the debtor's attorney, for which the debtor brought §§ 1692f(1) and 1692e(2) claims against the defendant. _Id._ at 293. Thus, unlike the instant action, the communication questioned in _Heintz_ was not a court filing; it was a communication directed to the debtor, albeit indirectly through her attorney.

The Court finds the facts in _Walsh_, 2012 WL 4372251, more analogous to the instant case. In _Walsh_, the debtor, who was initially pro se but retained counsel during the course of litigation, alleged that various pre-trial procedural errors or misstatements in affidavits directed to the court by the defendant attorney constituted violations of the FDCPA. _Id._ at *2. The _Walsh_ court cited _Heintz_ in support of the proposition that "[a]ttorneys who regularly engage in debt collection activities, such as defendants here, are regarded as debt collectors, and their conduct as such is

regulated by the FDCPA." Id. at *3. Nevertheless, the Walsh court narrowed the broad language of Heintz by finding that the filing of certain court documents in connection with state debt collection proceedings is not the type of egregious conduct Congress intended to address under the FDCPA.

As reasoned in Walsh, "the FDCPA's core purpose — protecting unsophisticated consumers from unscrupulous debt collectors — is not implicated by discovery motions and other pretrial proceedings in state court. . ." Id. at *5 (citing Simmons v. Roundup Funding, LLC, 622 F.3d 93, 96 (2d Cir. 2010)(noting that, in the bankruptcy context, "[w]hile the FDCPA's purpose is to protect unsophisticated consumers from unscrupulous debt collectors, that purpose is not implicated when a debtor is instead protected by the court system and its officers")). Additionally, "[b]ecause litigants in state court already enjoy myriad procedural and substantive protections from fraudulent and deceptive practices, resort to the FDCPA is unnecessary." Id.

In the instant action, Defendants' sworn reply was filed with and directed at the state court, not Miljkovic or his attorney. Additionally, the sworn reply did not include misstatements about the amount of the debt, like the attorney's letter in Heintz. Rather, the sworn reply stated

that the facts of Miljkovic's claim of exemption — not his debt — were in dispute to trigger the setting of an evidentiary hearing, as required by Fla. Stat. § 77.041(3). Thus, the Court finds Defendants' filing of the sworn reply similar in character to the Walsh defendant's procedural errors and misstatements in documents filed with the court. Additionally, the Court shares Walsh's skepticism about Congress's intent to create FDCPA liability for such procedural filings in the course of litigation.[2]

Therefore, to the extent that (1) the communication from Defendants was a court filing not directed at Miljkovic, but instead to the state court and (2) the sworn reply was a formulaic procedural filing requesting an evidentiary hearing rather than a formal pleading making factual allegations, the

---

[2]   The Court acknowledges, however, that there is no blanket exemption for court filings and formal pleadings under the FDCPA. The only exemption regarding formal pleadings within the FDCPA is a narrow one.  Section 1692e(11) specifies the following as a violation of the FDCPA: "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

Court concludes that the FDCPA does not apply to Defendants' activity.

**B.    <u>Failure to State a Claim</u>**

Irrespective of the Court's finding regarding the applicability of the FDCPA, the Court will analyze Miljkovic's claims individually to demonstrate that dismissal is particularly appropriate because, even if the Court had found the FDCPA to apply to Defendants' activity, Miljkovic nonetheless fails to state a claim under the FDCPA.

To state a claim under the FDCPA, Miljkovic must establish that: (1) he was the object of collection activity arising from consumer debt; (2) Defendants are "debt collectors" as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. <u>McCorriston v. L.W.T., Inc.</u>, No. 8:07-cv-160-T-27EAJ, 2008 WL 3243865, at *2 (M.D. Fla. Aug. 7, 2008). Defendants do not dispute the first two elements: Miljkovic was the object of collection activity arising from consumer debt and Defendants qualify as "debt collectors" under the FDCPA. Thus, the only issue before this Court is whether Defendants' acts constitute violations of the FDCPA.

Defendants emphasize that throughout the garnishment period, Defendants followed the procedures set forth in

Florida Statute §§ 77.041 and 222.11 to attempt to collect their client's valid judgment against Miljkovic. (Doc. # 16 at 4). Yet, it is not the Court's role in this case to determine whether Defendants have complied with state statutes. Rather, the Court must determine whether the facts alleged in the Complaint sufficiently state a claim for violations of the FDCPA. Additionally, the Court acknowledges that strict compliance with Fla. Stat. §§ 77.041 and 222.11 does not necessarily preclude liability under the FDCPA. See Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322, 1329 (S.D. Fla. 2009)("a debt collector may violate the FDCPA while simultaneously following an authorized state procedure").

### 1. § 1692d

Miljkovic argues that Defendants violated the catchall provision of § 1692d by filing the sworn reply disputing his claim of exemption when Defendants had actual knowledge that Miljkovic's wages were exempt. The catchall provision of 15 U.S.C. § 1692d states:

> (d)  A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. . . .

15 U.S.C. § 1692d. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1178 (11th Cir. 1985)("[section] 1692d is explicitly

not limited to the conduct proscribed by subsections (1)-
(6).") . Miljkovic contends that by continuing to garnish his
wages after becoming aware of his exempt status, Defendants
oppressed and abused him. (Doc. # 1 at ¶ 36(a)).

Defendants cite to <u>Chalik</u> in support of dismissing
Miljkovic's § 1692d claim. (Doc. # 16 at 11). In <u>Chalik</u>, the
court held that the defendants' filing of a sworn statement
"denying Plaintiff's claim of exemption, <u>without any specific</u>
<u>knowledge</u> regarding the exemption" was "not the kind of
conduct that was intended to be covered by § 1692d." <u>Chalik</u>,
677 F. Supp. 2d at 1330 (emphasis added). Defendants contend
that the reasoning in <u>Chalik</u> is applicable to Miljkovic's §
1692d claim.

But Miljkovic argues that <u>Chalik</u> is distinguishable from
this case because Defendants had specific knowledge regarding
his exemption — Miljkovic's sworn affidavit submitted by his
attorney. (Doc. # 18 ¶ 56). To that end, Miljkovic reasons
that the <u>Chalik</u> court would have declined to dismiss the
plaintiff's § 1692d claim if there had been an affidavit
providing the defendant with information about the debtor's
exemption claim, as in the instant case.  Although the Court
acknowledges Miljkovic's rationale, the Court is not willing

14

to make an assumption that is not supported by the text of Chalik.

Thus, the Court finds that filing a sworn reply in opposition to a claim of exemption with information that the garnished funds may be exempt does not qualify "as conduct with the natural consequence of which is to harass, oppress, or abuse." Specifically, as in the instant action, the filing of a request for an evidentiary hearing in the course of litigation against a debtor, who is not more susceptible to harassment, oppression, or abuse than a typical consumer because of his attorney's representation, is not the type of conduct from which Congress intended to protect debtors. See § 1692d; Jeter, 760 F.2d at 1179 ("we hold that claims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse"); Kropelniki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002)(noting that "[w]here an attorney is interposed as an intermediary between a debt collector and a consumer, we assume the attorney, rather than the FDCPA, will protect the consumer from a debt collector's fraudulent or harassing behavior").

The Court notes however that ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the

jury, but courts may resolve the question as a matter of law in appropriate cases. Chalik, 677 F. Supp. 2d at 1330 (dismissing pro se plaintiff's § 1692d claim after holding that the facts alleged did not have the natural consequence of harassing, oppressing, or abusing a debtor); see also Jeter, 760 F.2d at 1179-80 (affirming summary judgment for collection agency because "even when judged by the consumer protective standard we adopt today, § 1692d does not as a matter of law proscribe Credit Bureau's conduct in this case"); Waite v. Fin. Recovery Servs., Inc., No. 8:09-cv-02336-T-33AEP, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010)(granting defendant's motion for summary judgment when this Court found "the record to be lacking of any indicia of the type of egregious conduct raising issues of triable fact" for plaintiff's § 1692d claim).

At the hearing, this Court asked Miljkovic if he would like to amend the Complaint to add further factual allegations to support his FDCPA claims, but Miljkovic declined the opportunity to do so. Thus, the Complaint before the Court contains all the factual allegations, and therefore, the Court finds it appropriate to rule on whether Miljkovic stated a § 1692d claim as a matter of law, at this juncture. See Chalik, 677 F. Supp. 2d at 1330.

Upon review of the Complaint and for the reasons stated above, the Court determines that the allegation that Defendants filed the sworn reply, despite knowledge of Miljkovic's exempt status, in order to lengthen the time of the garnishment, is insufficient to state a claim under § 1692d. The Complaint is devoid of any factual allegations demonstrating that Defendants' action was harassing, abusive, or oppressive. Therefore, the Motion to Dismiss is granted as to the § 1692d claim.

**2.   <u>§ 1692e and 1692e(10)</u>**

15 U.S.C. §§ 1692e and 1692e(10) state:

> (e) A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Miljkovic alleges that Defendants violated §§ 1692e generally, and 1692e(10) specifically, when they filed the sworn reply with knowledge of Miljkovic's exempt status. (Doc. # 1 at ¶ 36(b)). Upon consideration, the Court finds that Miljkovic has failed to allege sufficient facts to establish a claim under §§ 1692e and 1692e(10) of the FDCPA.

17

At the hearing, Miljkovic asserted that Chalik was analogous to the instant case in regard to the § 1692e claim. In Chalik, the court denied the motion to dismiss as to the §§ 1692e and 1692e(10) claim, reasoning that:

> A jury could find Defendants' sworn statement denying Plaintiff's claim of exemption, if untrue, to be a false representation. Thus the filing of an untrue sworn statement without specific knowledge could be the kind of conduct that was intended to be covered by § 1692e(10) or more generally, § 1692e.

Chalik, 677 F. Supp. 2d at 1330. Miljkovic asserts that the reasoning of Chalik, among other cases, applies to his § 1692e claim. See Hogue, 494 F. Supp. 2d at 1045-46 (denying debt collector's motion to dismiss a § 1692f claim in which the debtor adequately alleged the collector behaved unconscionably when it initiated a garnishment proceeding after the debtor's attorney submitted the debtor's affidavit, asserting she was exempt). However, Chalik is distinguishable from the instant case because the debtor in Chalik was pro se and thus lacked an attorney to protect him from the creditor's conduct. Also, as a pro se plaintiff, the debtor in Chalik may have found the sworn statement filed in court by the creditor to be misleading. In the instant case, Miljkovic is represented by an attorney and Defendants' sworn reply was

18

directed to the state court and received by Miljkovic's attorney, rather than Miljkovic himself.

Whether a communication is misleading or deceptive is typically a jury question. See Chalik, 677 F. Supp. 2d at 1330 ("the Court finds the question of whether Defendants' sworn statement was false, deceptive or misleading is one for the jury"). But the Court may determine that the alleged conduct does not constitute a colorable § 1692e claim. See Walsh, 2012 WL 4372251, at *4 (granting motion to dismiss after determining that the alleged conduct did not qualify as false or misleading conduct under § 1692e).

In the instant case, the Court finds that the sworn reply was not a misleading or deceptive communication for which Congress intended to create FDCPA liability. The sworn reply's statement that "the facts supporting [Miljkovic]'s Claim of Exemption are in dispute" could not have misled or deceived Miljkovic as he was represented by an attorney, who could explain to him the legal basis for Defendants' filing of the sworn reply. See Holliston v. Fla. Default Law Grp., P.L., No. 8:07-cv-336-T-26EAJ, 2008 WL 8946060, at *5 (M.D. Fla. Mar. 13, 2008)("[i]t makes little sense to apply [the least sophisticated consumer] standard to a debtor's

attorney, who is presumably not unsophisticated, but well trained and educated")(citations omitted).

Additionally, to state a § 1692e claim, the plaintiff must allege that the conduct was materially misleading. See Walsh, 2012 WL 4372251, at *4 ("an alleged false or misleading statement is not actionable under section 1692e unless the statement is 'material'"). To be materially misleading, a statement must "influence a consumer's decision or ability to pay or challenge a debt." Id. Miljkovic's claims lack materiality as Miljkovic failed to allege in the Complaint that the sworn reply caused him any confusion about the validity or amount of the debt or otherwise impeded his ability to pay or challenge it. Therefore, the Motion to Dismiss as to the §§ 1692e and 1692e(10) claims is granted.

### 3.   § 1692f

Miljkovic does not assert in his § 1692f claim that Defendants engaged in any of the specific conduct in the eight subsections of § 1692f. Rather, he claims that Defendants' filing of the sworn reply and continuation of the garnishment after receiving his affidavit, in order to manipulate a settlement, constitute a violation of the section's catchall provision, which states:

(f) A debt collector may not use unfair or

unconscionable means to collect or attempt to collect any debt. . . .

15 U.S.C. § 1692f.

"A complaint will be deemed deficient under [§ 1692f], however, if it 'does not identify any misconduct beyond that which Plaintiffs assert violate other provisions of the FDCPA.'" Taylor v. Heath W. Williams, LLC, 510 F. Supp. 2d 1206, 1217 (N.D. Ga. 2007)(quoting Foti, 424 F. Supp. 2d at 667); see Chalik, 677 F. Supp. 2d at 1330 (dismissing a § 1692f claim when debtor used the same conduct by creditor to establish other FDCPA claims).

Miljkovic uses the purportedly false sworn reply by Defendants as the basis for his §§ 1692d and 1692e claims. Therefore, he cannot establish a separate claim under § 1692f by alleging that the sworn reply is unconscionable because it was used falsely, in an attempt to leverage a settlement. Miljkovic also alleges that copies of emails from Defendants to his counsel show that Defendants wanted to use the garnishment to influence Miljkovic to settle. But the Court agrees with Defendants that Defendants' hope that the garnishment would lead to a settlement would not constitute unconscionable or unfair conduct unless Defendants also filed the sworn reply falsely. Thus, despite the email evidence,

Miljkovic's § 1692f claim still depends on the misconduct charged under §§ 1692e and 1692e(10) and is therefore insufficient to state a separate claim.

Additionally, at the hearing, Miljkovic failed to explain how Defendants' conduct was unconscionable beyond re-asserting that Defendants filed the sworn reply and continued the garnishment for weeks in order to "unconscionably" pressure Miljkovic into a settlement. As Defendants pointed out, they had the right to seek an evidentiary hearing to determine the validity of Miljkovic's claim of exemption. See G.E.E.N. Corp. v. Se. Toyota Distribs., Inc., No. 93-632-Civ-ORL-19, 1997 WL 561307, at *2-3 ("The debtor has the burden of establishing entitlement to an exemption;" "While an individual may qualify as the head of family under one of the three tests, it remains for the Court, examining all the relevant facts of the case, to determine who is the actual head of the family."). Miljkovic did not explain why Defendants' exercising their right to set an evidentiary hearing, even with purported ulterior motives, rose to the level of unconscionability. Therefore, the Motion to Dismiss as to the § 1692f claim is granted.

**IV. <u>Conclusion</u>**

Upon due consideration of the well-pled allegations of Miljkovic's Complaint, taken as true, the Court determines that Miljkovic has failed to state a claim under the FDCPA. Accordingly, this Court grants Defendants' Motion to Dismiss.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice (Doc. # 16) is **GRANTED.**

(2)  The Clerk is directed to enter judgment in favor of Defendants and thereafter **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of July, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record